IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



WACHOVIA SECURITIES, L.L.C., )
a Delaware corporation, )
)
Plaintiff, )
v. ) No. 04 C 3082
)
DAVID NEUHAUSER, ANDREW A. )
JAHELKA, RICHARD O. NICHOLS, )
LEON A. GREENBLATT, III, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Wachovia Securities LLC[1] contends that defendants David Neuhauser, Andrew Jehelka, Richard Nichols, and Leon Greenblat misused Wachovia margin accounts opened in the names of Loop Corp. and NOLA, LLC. Loop and NOLA are not defendants in the present lawsuit. The accounts allegedly were being used to surreptitiously obtain a controlling interest in Health Risk Management, Inc. ("HRMI"). When NASDAQ, discontinued trading of HRMI stock, Wachovia was left with a $2,900,000 margin call that has not been paid. Wachovia contends Loop and NOLA were shell companies and that defendants are liable for the unpaid margin accounts either directly or as alter egos of the

---

[1]Wachovia is the successor in interest to Prudential Securities Incorporated, which will also be referred to as Wachovia.

two entities. Following this court's previous ruling on defendants' motion to dismiss, the following claims remain pending against defendants. See Wachovia Securities, LLC v. Neuhauser, 2004 WL 2526390 (N.D. Ill. Nov. 5, 2004) ("Wachovia I"). Plaintiff claims common law fraud, federal securities fraud, and state law conspiracy, the limited to promissory fraud based on a fraudulent representation that defendants would use the Loop account for lawful purposes. Plaintiff also alleges alter ego/piercing the corporate veil claims based on Loop and NOLA being shell companies. Additionally, there is a state law breach of contract claim based in part on alter ego/piercing the corporate veil liability.

Presently pending before the court is plaintiff's motion to compel discovery. Plaintiff moves to compel answers to certain interrogatories and document production requests. The parties dispute the scope of appropriate discovery. The parties have identified certain general and basic discovery issues on which they disagree.

Defendants contend that plaintiff seeks discovery that is broader than that permitted under the current version of Fed. R. Civ. P. 26(b)(1). In 2000, that Rule was amended to provide that discovery must be "relevant to the claim or defense of any party." Formerly discovery was permitted as to "any matter relevant to the subject matter involved in the action."

Presently, the latter discovery is only permitted on order of the court if good cause is shown. Defendants contend that some of the discovery requested by plaintiff is of the broader, latter type, that is, relevant to the subject matter, but not relevant to a claim or defense. As is discussed below, defendants take too narrow a view of relevance of plaintiff's claims.

Plaintiff has information indicating that Loop and NOLA also purchased HRMI stock through brokerage firms other than Wachovia. Also, plaintiff has information that defendants also used other entities and brokerage firms to purchase HRMI stock. Plaintiff seeks documents related to those transactions and accounts. Plaintiff seeks this discovery because the other transactions allegedly are part of the overall scheme to surreptitiously obtain control of HRMI. Also, these documents may support that other entities were shells or used as alter egos for defendants' transactions. Such evidence may be admissible to show defendants' intent in setting up Loop and NOLA and allegedly using them as shells. The requested information is evidence relevant to plaintiff's existing claims, not merely evidence relevant to the general subject matter. Also, contrary to defendants' assertion, plaintiff is not precluded from obtaining discovery because the Complaint contains no specific allegations regarding the other entities. The Federal Rules of Civil

Procedure only require notice pleading, not fact pleading.[2] Plaintiffs are not required to include in the complaint all facts and evidence supporting their claims. Discovery will not be limited to evidence specifically referenced in the Complaint. Defendants will be required to provide discovery regarding the other entities.

Another issue is the time period for discovery. Plaintiff has conceded it generally is not entitled to discovery from the time period preceding January 1, 2000, which is approximately when the scheme is alleged to have begun. Plaintiff seeks discovery from then until its April 29, 2004 filing of the complaint. Trading of HRMI stock, however, ended in May 2001. In June 2001, Wachovia made a margin call on the Loop and NOLA accounts. Discovery through December 31, 2001 will be sufficient except as to particular issues. To the extent necessary to calculate damages until the present date, post-2001 discovery will be permitted. Also, to the extent relevant to show that they were used as shell corporations, plaintiff may seek post-2001 discovery regarding Loop and NOLA financial transactions.

---

[2] It was previously held that the alter ego/piercing claims need not be pleaded with specificity. See Wachovia I, 2004 WL 2526390 at *11.

For the time period January 1, 1995 to the present, plaintiff has requested discovery regarding essentially all lawsuits involving defendants, Loop, NOLA, and other entities defendants allegedly used to purchase HRMI shares. Plaintiff also requests discovery regarding exchange investigations, administrative investigations, or criminal investigations regarding the same time period and entities. Defendants seek to narrow these requests, including limiting it to cases that have reached final judgments. These requests will be limited to proceedings that were instigated from January 1, 2000 to the present. Proceedings that occurred after December 31, 2001 need not be included unless at least part of the subject matter of that proceeding included events that occurred between January 1, 2000 and December 31, 2001. Responses will not be limited to cases that have reached final judgment. Defendants must respond as to all the persons and entities listed in the requests.

Defendants must fully respond to the requests regarding relationships between the parties and the entities listed in those requests.

Defendants will be required to answer Interrogatory 16. It is a permissible request and the number of interrogatory requests is not found to be excessive.

Each party shall bear its own costs and expenses regarding this discovery dispute.

IT IS THEREFORE ORDERED that plaintiff's motion to compel [33] is granted in part and denied in part. Consistent with today's ruling, defendants shall respond to the interrogatories and document requests within 20 days.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MAY 10, 2005