# Exhibit D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


NOLA, LLC,                           )  No. 05 B 16682
SOUTH BEACH SECURITIES, INC.,        )     05 B 16679
                                     )  Chicago, Illinois
                                     )  10:00 a.m.
                    Debtor.          )  August 24, 2005


TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE A. BENJAMIN GOLDGAR


APPEARANCES:

For the Debtors:            Mr. Mark Leipold;


For Wachovia :              Mr. Brian Schwartz;
                            Mr. Chris Griesmeyer;


For the U.S. Trustee:       Mr. Cameron Gulden;




Court Reporter:             Amy Doolin, CSR, RPR
                            U.S. Courthouse
                            219 South Dearborn
                            Room 661
                            Chicago, IL  60604.

2

1      THE CLERK:  South Beach Securities and

2  NOLA.

3      MR. SCHWARTZ:  Good morning, Your

4  Honor.  Bryan Schwartz and Chris Griesmeyer on behalf

5  of Wachovia.

6      MR. GRIESMEYER:  Good morning, Your

7  Honor.

8      MR. GULDEN:  Good morning, Judge.

9  Cameron Gulden on behalf of the United States

10  Trustee.

11      MR. LEIPOLD:  Good morning, Your

12  Honor.  Mark Leipold, proposed counsel for South

13  Beach and NOLA.

14      THE COURT:  Good morning.  These

15  Chapter 11 cases are before the court pursuant to the

16  order I issued on July 27th.  In that order I made a

17  preliminary finding that the cases should be

18  dismissed under Section 1112(b) --

19      MR. SCHWARTZ:  Can I make a request

20  before you rule or is it too late?

21      THE COURT:  It's probably too late,

22  but go ahead.

23      MR. SCHWARTZ:  I would like to get 45

24  days.

25      THE COURT:  To do what?

3

1          MR. SCHWARTZ:  Well, assuming that

2    Your Honor would appoint a trustee, we've done an

3    investigation of a lot of cases that have been filed

4    by this group of debtors.  We've met with the U.S.

5    Trustee.  To fund this case is going to cost us a lot

6    of money.  We need to go back to our client to talk

7    about like a million dollars to fund going after this

8    debtor.

9          THE COURT:  I don't think that's going

10   to be necessary.

11          In my July 27th order, I made a

12   preliminary finding that the cases should be

13   dismissed under Section 1112(b) and set the matter

14   for briefing on an expedited schedule.

15          The debtors filed a consolidated

16   response opposing dismissal.  The U.S. Trustee filed

17   a response supporting dismissal.  Wachovia

18   Securities, a creditor of NOLA, filed a response

19   acknowledging the dismissal was probably warranted,

20   but asking the court to appoint a Chapter 11 trustee

21   for NOLA.  Wachovia previously filed a separate

22   motion to appoint a trustee in the NOLA bankruptcy.

23   That motion is pending.  Also pending is the the

24   debtors' application to retain counsel in their

25   respective cases.

4

1        The facts are laid out in the parties'
2   papers and appear to be undisputed.  To the extent
3   there are disputes, the disputes are not material.
4   No party has requested an evidentiary hearing and no
5   hearing is necessary in my view.

6        Briefly -- if you care to sit down,
7   feel free.

8        Briefly, both South Beach and NOLA are
9   part of an elaborate network of corporations and
10  other business entities orbiting around Leon
11  Greenblatt, a Chicago businessman.  According to
12  Wachovia, these corporations are mostly shells
13  through which Greenblatt and his associates have
14  engaged in various investment activities of
15  questionable legitimacy.

16       One of these activities was the
17  attempted acquisition in roughly 1999 of a
18  controlling interest in the publicly traded
19  securities of Health Risk Management Incorporated or
20  HRM.  Wachovia's papers both here and in connection
21  with the earlier motion of debtor to retain counsel
22  recite in detail the nature of Greenblatt's
23  activities relating to HRM and the fallout from those
24  activities.  The accuracy of that description might
25  be one the debtors here would dispute, although so

5

1  far they have not seen fit to do so.

2              There is no dispute, however, that

3  many of Greenblatt's Corporations are indeed shells,

4  that the HRM stock is currently worthless, and that

5  Greenblatt's activities related to HRM precipitated

6  an avalanche of litigation in assorted federal and

7  state courts, including the district court for the

8  Northern District of Illinois.

9              Six Greenblatt entities are now in

10 bankruptcy, with five of the cases pending in this

11 district.  In addition to the debtors here, Chapter

12 11 petitions were previously filed by Greenblatt

13 entities Repurchase Corporation, Telegraph

14 Properties, LP, and Resource Technology Corporation.

15 None of these bankruptcies has been successful.

16             In the Repurchase Corporation

17 bankruptcy, confirmation of the plan was denied and

18 the case was recently dismissed.  In the Telegraph

19 Properties bankruptcy, a Chapter 11 trustee was

20 appointed who then had the case converted to Chapter

21 7.  In the Resource Technology bankruptcy, a Chapter

22 11 trustee was appointed and the trustee has now

23 moved to dismiss the case.

24             Wachovia contends with some

25 justification that the bankruptcy court has become

6

1 the unwitting tool of Greenblatt, who is using the
2 court to, quote, "legitimize his fraud," unquote.
3 South Beach and NOLA, the debtors in the cases here,
4 are two more corporate shells, and their bankruptcy
5 filings are just as questionable. NOLA is a limited
6 liability company, the members of which are
7 Greenblatt and two of his business associates. NOLA
8 is managed, if that term has meaning here, by
9 Teletec, Incorporated, an Illinois corporation, that
10 Wachovia asserts is yet another Greenblatt entity.

11 Management has no meaning here because
12 according to NOLA's schedules and Greenblatt's
13 testimony at the meeting of creditors, NOLA conducts
14 no business, has no employees, and never has had any
15 employees, has no income, and has no assets, except
16 for HRM stock and South Beach stock, all of it
17 worthless.

18 On the other hand, NOLA lists
19 unsecured debts of $7 million, including Wachovia's
20 disputed $1.1 million claim, and the claim of South
21 Beach for precisely 3 million, 297 -- $489,000 (sic).
22 South Beach in turn claims to be a Mississippi
23 corporation formed in 1984. South Beach is a
24 wholly-owned subsidiary of NOLA. South Beach's
25 schedules disclose that it too conducts no business,

7

1   has no employees, has no income, and has no assets,

2   again, other than worthless HRM stock.

3            In the consolidated response, South

4   Beach asserts that the schedules and statement of

5   financial affairs it filed under oath

6   notwithstanding, it owns the $3,297,489 claim

7   mentioned in NOLA's schedules, as well as a minimal

8   interest in the stock of something called Movie Star,

9   Incorporated, the nature of which is not revealed.

10  Most important, South Beach now asserts that it owns

11  net operating losses, or NOLs, related to the

12  acquisition of HRM stock in the amount of $3,297,489.

13           South Beach also lists at its sole

14  creditor a company called Scatter Corporation,

15  another Greenblatt entity, which South Beach

16  coincidentally owes $3,297,489.  The debtors assert

17  that South Beach's NOLs and South Beach's claim

18  against NOLA are the result of $3,297,489 that South

19  Beach loaned to NOLA for the purpose of acquiring HRM

20  stock.  It appears that Scatter Corporation loaned

21  the same funds to South Beach.  Where Scatter

22  Corporation got the funds has not been explained, nor

23  has any explanation been offered about what

24  legitimate purpose was served by funneling this

25  substantial sum through a series of shell

8

1   corporations.

2               The question now before the court is

3   whether the bankruptcies should be dismissed because

4   they were not filed in good faith.  Section 1112(b)

5   of the Bankruptcy Code permits the court to dismiss a

6   Chapter 11 case for, quote, "cause" unquote,

7   including several enumerated reasons.  Although lack

8   of good faith is not specifically listed, there is no

9   doubt that Chapter 11 bankruptcies are subject to

10  dismissal unless filed in good faith.  NMSBPCSLDHB,

11  L.P., v. Integrated Telecom Express Incorporated, in

12  re Integrated Telecom Express Incorporated, 384 F.3d

13  108, 118, Third Circuit 2004.  In re Liptak, 304 B.R.

14  820, 827, Bankruptcy Court, Northern District of

15  Illinois 2004.

16              In this circuit the burden of proving

17  lack of good faith rests with the party seeking

18  dismissal, here the U.S. Trustee's, who has accepted

19  the invitation I issued in the July 27 order.  In

20  Woodbrook Associates, 19 F.3d 312, 317, Seventh

21  Circuit 1994.  Although the definition of good faith

22  is admittedly problematic, it is not, as the debtor's

23  here assert, quote, "one of the most illusive

24  concepts in Chapter 11," unquote.

25              As the court in Liptak correctly

9

1   observed, focusing on terms like good faith or bad

2   faith is, quote, "misleading to some degree,"

3   unquote.  Liptak, 304 B.R. at 828.

4              The good faith question really boils

5   down to whether, quote, "the debtor has presented a

6   legitimate reorganizational objective within the

7   scope of the Bankruptcy Code," unquote.  Id. See also

8   Integrated Telecom, 348 F.3d at 119, 120.

9              The question, in other words, is

10  whether the case has been filed to accomplish one of

11  the two basic purposes of Chapter 11.  Quote,

12  "preserving going concerns," unquote, and, quote,

13  "maximizing property available to satisfy creditors,"

14  unquote.  Integrated Telecom, 384 F.3d at 119.

15             In my view, neither case here will

16  accomplish, indeed neither of these cases is even

17  arguably intended to accomplish either of these two

18  purposes.  The deficiency is most obvious with NOLA.

19  As the U.S. Trustee observes, NOLA is not now and

20  apparently never has been a going concern.

21  Therefore, the company has no going concern value to

22  preserve.

23             NOLA does not deny this in the

24  debtor's consolidated response.  It insists, however,

25  that it could, quote, "effectuate a plan," unquote,

10

1   although that plan, quote, "would be a liquidating

2   plan of reorganization," unquote.

3          According to NOLA, the plan will

4   propose a sale of, quote, "all of NOLA's remaining

5   assets to the highest bidder," unquote.  The problem

6   with this proposal, though, is that NOLA's schedules

7   disclose only liabilities.  The company has no

8   assets.  And with nothing to sell, neither NOLA nor

9   its creditors has anything to gain from a sale or a

10  bankruptcy.  The Chapter 11 case cannot maximize

11  value to creditors if there is no value to maximize.

12  Ex nihilo, nihil fit, as philosophers say.

13          South Beach's situation is more

14  complex.  Like NOLA, South Beach has no business

15  operation or employees and is not a going concern.

16  Preserving the going concern value of South Beach

17  then is not an option.  But there is still the

18  possibility of maximizing property available to the

19  creditors.  Unlike NOLA, South Beach seems to have an

20  asset.  Although they do not appear in the schedules,

21  South Beach contends that it has $3,289,497 in NOLs.

22          Moreover, South Beach argues that it

23  cannot use the NOLs since it has no income to offset

24  and is unlikely to ever have any.  It cannot transfer

25  the NOLs, the NOLs being untransferable.  And under

1  the Internal Revenue Code, it stands to lose the NOLs

2  if the company is sold outside of Chapter 11.  See 26

3  U.S. Code, section 172, 382.  See generally in re

4  Coram Healthcare Corporation, 315 B.R. 321, 341,

5  Bankruptcy Court District of Delaware 2004.

6          A sale of South Beach in Chapter 11

7  would preserve the NOLs so the argument goes, and

8  will maximize the value of those assets.  The problem

9  with this theory is that the idea of maximizing

10  assets is to maximize them to satisfy creditors.

11  Integrated Telecom, 384 F.3d at 119, meaning in most

12  cases that some third party with whom the debtor has

13  done business and has not been paid.  The object of

14  the proposed plan here, however, is not to pay

15  third-party creditors at all.  The object, as the

16  debtors admit in their response, is to allow

17  Scattered Corporation, yet another Greenblatt entity,

18  and a related corporation, to recover and use the

19  NOLs itself.

20          The proposed plan tendered with the

21  response has two classes, Scattered Corporation and

22  everyone else.  Scattered receives stock in the

23  reorganized debtor.  Everyone else receives nothing.

24  To this the debtors would doubtlessly join that

25  Scattered is the only creditor of South Beach.  No

12

1   other creditor of South Beach at least would be

2   shorted.  Perhaps not.  But Scattered is still a

3   related Greenblatt entity, and the goal here is

4   plainly the larger Greenblatt purpose of

5   resuscitating his empire by putting the NOLs where

6   they can be used to the greatest extent possible.

7                In business cases it is worth

8   repeating the purposes of Chapter 11 are to preserve

9   the going concern value of businesses where that

10  value can be preserved, and to maximize the value of

11  assets for the benefit of creditors when the business

12  cannot be preserved as a going concern.  The purpose

13  is not to permit businesses that are dead in the

14  water to maximize the value of their own assets for

15  their own benefit or the benefit of related entities.

16                In Integrated Telecom, the Third

17  Circuit reversed the decision of lower courts not to

18  dismiss a Chapter 11 case filed by a debtor that was

19  out of business, had no going concern value, and

20  filed the case strictly to limit a particular

21  creditor's claim under Section 502(b)(6).  Chapter

22  11, the court concluded, is for businesses in

23  financial distress.  And a Chapter 11 petition by an

24  entity that is not in distress merely to, quote,

25  "take advantage," unquote, of, quote, "singular

13

1  provision," unquote, of the law, is not filed in good

2  faith.  See Integrated Telecom, 384 F.3d at 127 to

3  28.  Like the Integrated Telecom case, the South

4  Beach is not a valid bankruptcy.  It is an internal

5  corporate tax gambit by an entity that is not now and

6  never was a going concern seeking to take advantage

7  of the court and the Internal Revenue Code.  Both the

8  NOLA and South Beach cases, in short, were not filed

9  in good faith and are subject to dismissal under

10  Section 1112(b).

11          The question remains whether

12  appointment of a Chapter 11 trustee is appropriate

13  under Section 1104(a) as preferable to dismissal.

14  The question is relevant only to NOLA, since only

15  Wachovia has moved for appointment of a trustee and

16  has done so only in NOLA's case.  Under Section

17  1104(a)(1), a trustee may be appointed in a Chapter

18  11 case for, quote, "cause, including fraud,

19  dishonesty, incompetence or gross mismanagement of

20  the affairs of the debtor either before or after

21  commencement of the case or similar cause," unquote.

22          Under Section 1104(a)(2) a trustee may

23  be appointed when the court believes that the

24  appointment is, quote, "in the interest of creditors,

25  any equity security holders and other interests of

14

1   the estate," unquote.

2           Although the issue is probably open to

3   debate, I conclude that appointment of a trustee is

4   not appropriate for essentially the same reasons that

5   the NOLA case should be dismissed.  Typically a

6   Chapter 11 trustee is appointed to take over the

7   debtor's operations when the debtor in possession has

8   proved too venal or inept to be left in charge.

9   Here, however, NOLA has no operation for a Chapter 11

10  trustee to run.  A Chapter 11 trustee's duties often

11  include liquidating assets for the benefit of

12  creditors.  Here, however, NOLA has no assets to

13  liquidate.

14          It may be that NOLA transferred away

15  assets that a Chapter 11 trustee could recover.  But

16  no evidence has been offered that NOLA made any such

17  transfers.  Although Wachovia claims it has, quote,

18  "good reason to believe that there are numerous

19  claims that can be asserted against Mr. Greenblatt,

20  his colleagues and his related entities," unquote, it

21  fails to say what that reason might be.  A Chapter 11

22  trustee should not be appointed based merely on

23  speculation.

24          Finally, there is the question of how

25  a Chapter 11 trustee would be paid.  Ordinarily the

15

1 trustee is compensated from the assets of the estate.

2 But the NOLA estate has no assets and so there is no

3 way to pay a trustee should one be appointed.

4 Recognizing the problem, Wachovia has offered to foot

5 the bill. But there is something unsettling about a

6 Chapter 11 trustee beholden to a single creditor for

7 his compensation. Although theoretically a creditor

8 might finance the work of a trustee through an

9 unsecured loan to the estate, even that would not

10 shield the trustee sufficiently from the creditor to

11 ensure his independence.

12              The appointment of a trustee here

13 would not serve Wachovia's purpose in any event.

14 Wachovia urges that a trustee be appointed, quote,

15 "to discover the true nature and extent of

16 Mr. Greenblatt's fraudulent shell game," unquote.

17 That, however, would not be the trustee's job. The

18 trustee would be appointed as trustee of NOLA, not

19 trustee of Greenblatt. As I remarked when Wachovia

20 initially brought its motion, a trustee is not the

21 bankruptcy version of the Lone Ranger. He does not

22 criss-cross the countryside rooting out evil. A NOLA

23 trustee's sole concern would be NOLA's bankruptcy

24 estate, and he could investigate Greenblatt's

25 allegedly, quote, "fraudulent shell game," unquote,

16

1  only to the extent it would benefit the estate and

2  its creditors in their capacities as such.

3          Wachovia's concern that Greenblatt is

4  playing different courts off against each other is

5  understandable.  So is Wachovia's desire to have a

6  single officer perform a global investigation of

7  Greenblatt's activities under the auspices of a

8  single forum.  Unfortunately, a Chapter 11 trustee is

9  not the officer and this is not the forum.

10         So for these reasons the motion of

11 Wachovia Securities for appointment of a Chapter 11

12 trustee in the NOLA bankruptcy is denied, and the

13 bankruptcy cases of South Beach Securities,

14 Incorporated, and NOLA, LLC, are dismissed pursuant

15 to Section 1112(b) of the Bankruptcy Code, the

16 applications to employ counsel are denied as moot.

17         MR. LEIPOLD:  Your Honor, there was

18 one mistake.  The -- at least the schedules I have,

19 is that the NOLA ownership -- I don't think this

20 changes your opinion.  I just wanted it to be correct

21 for the record.  The ownership is Greenblatt and his

22 colleague's father, if you want to be technical about

23 it.  If the court wanted to make the conclusion,

24 otherwise I'm just trying to correct the record.

25         THE COURT:  I don't think it changes

17

 1   the result.

 2              MR. LEIPOLD:  No, I don't think it

 3   changes the result.

 4              THE COURT:  The family relationships

 5   of these gentlemen are not in the papers in any

 6   event.

 7              MR. LEIPOLD:  I know, but when you're

 8   talking about Greenblatt entities, I don't have

 9   information on that.  The court said that NOLA had

10   nothing to sell.  I think both the schedules and

11   the -- whether it is worth anything is the other

12   question.  The only asset it did have was the stock

13   of South Beach.

14              THE COURT:  But that's valued in the

15   schedules as zero.

16              MR. LEIPOLD:  But the scheduled value

17   is just a base value.  I mean, the question is is

18   there somebody willing to pay for it?  And what we've

19   indicated both at the 341 meetings and other meetings

20   is that in fact there was people, or at least a

21   Greenblatt entity was interested in buying the stock.

22   I am not trying to dissuade the court here, Your

23   Honor.

24              THE COURT:  No.

25              MR. LEIPOLD:  What I'm trying to do

18

1   is what -- what troubles me -- the other thing that I

2   guess troubles me is there was a statement made that

3   well there is all these accusations and they haven't

4   been -- with respect to all of these other entities.

5   Well, those other entities aren't this case.  I mean,

6   my job wasn't to try to have an evidentiary hearing

7   on the entire Greenblatt empire.  And if that's what

8   this court was looking for, I would be glad to do

9   that.

10              THE COURT:  If I wanted to have that

11  kind of a hearing, I would appoint a trustee and we

12  would do it.  But that's not what we're going to do.

13  That's not what it is about.  I said from the start

14  that this seemed to me to be something that -- there

15  seemed to be no legitimate reason for this

16  bankruptcy.  And the taxing maneuver that you want to

17  perform may be a legitimate maneuver as tax law is

18  concerned, but I don't believe it is a legitimate use

19  of Chapter 11.  And the whole thing here strikes me

20  as highly artificial.  And I think that the

21  Integrated Telecom case takes --

22              MR. LEIPOLD:  I understand Integrated

23  Telecom, Your Honor.  And I'm not -- again, I'm

24  not -- what concerned me was I wanted to make sure

25  that the record was clear.  So...

19

1          THE COURT:  Good enough.

2          MR. SCHWARTZ:  Do you have copies of

3   the written opinion?

4          THE COURT:  No.  You can request a

5   transcript if you would like from the court reporter.

6          MR. SCHWARTZ:  Okay.  Thank you.

7          THE COURT:  There will be an order

8   consistent with my ruling entered today.

9          MR. SCHWARTZ:  Incorporating a

10  transcript, not the actual written order?

11         THE COURT:  It will simply say for the

12  reasons stated on the record.

13         MR. SCHWARTZ:  Okay.  Thank you, Your

14  Honor.

15         (Which were all the proceedings had in

16         the above-entitled cause, August 24,

17         2005, 10:00 a.m.)

18  I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY
    THAT THE FOREGOING IS A TRUE AND ACCURATE
19  TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
    ENTITLED CAUSE.

20

21

22

23

24

25

# Exhibit E



# Exhibit F



ACQUISITION OF HRMI STOCK

* Omitted from Schedule 13D's

# Exhibit G



ASSET TRANSFERS

# Exhibit H

In re  **NOLA LLC**                                    Case No. ____05-16682____

_____
                        Debtor

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. (See Schedule D.) If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
| --- | --- | --- | --- | --- |
| **None** | | | | |

```
F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 0 1 2005

KENNETH S. GARDNER, CLERK
PS REP. - DDS
```

| | | |
| --- | --- | --- |
| Sub-Total > | 0.00 | (Total of this page) |
| Total > | 0.00 | |
| | (Report also on Summary of Schedules) | |

__0__ continuation sheets attached to the Schedule of Real Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re    **NOLA LLC**                                    Case No. ____05-16682____
_____
                    Debtor

## SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 0 1 2005

KENNETH S. GARDNER, CLERK
PS REP. - DDS

Sub-Total >                 0.00
(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re    **NOLA LLC**                                Case No. **05-16682**

Debtor

## SCHEDULE B. PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | All of the issued and outstanding stock of South Beach Securities, Inc. | - | 0.00 |
| | | Health Risk Management, Inc. | - | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 4. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 45. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >      0.00<br>(Total of this page)

Sheet **1** of **2** continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

In re    **NOLA LLC**            Case No. ____ **05-18682** ____

Debtor

# SCHEDULE B. PERSONAL PROPERTY
## (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. | X | | | |

| | Sub-Total > (Total of this page) | **0.00** |
|---|---|---|
| | Total > | **0.00** |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

Form B6D
(6/90)

In re    **NOLA LLC**

Case No.    05-16582

Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". if the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J | C | | | | | | |
| Account No. | | | | | | Margin Account | | | | | |
| ISK Investment Svc. SIPC 1201 Elm Street, Suite 3500 Dallas, TX 75270 | | | | | | Health Risk Management, Inc. Securities | | | | | |
| | | | | | | Value $           0.00 | | | | | 0.00 |
| Account No. | | | | | | | | | | | |
| | | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | | |
| | | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | | |
| | | | | | | Value $ | | | | | |

0    continuation sheets attached

| | Subtotal (Total of this page) | 0.00 |
|---|---|---|
| | Total (Report on Summary of Schedules) | 0.00 |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 0 1 2005

KENNETH S. GARDNER, CLERK
PS REP. - DDS

Form 00E
3/03)

In re  **NOLA LLC**                                         Case No. _____ **05-16682**

Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **0** _____ continuation sheets attached

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                   Best Case Bankruptcy

form HDF
2005

In re     **NOLA LLC**                                             Case No. _____ **05-16682** _____
_____
                        Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W / J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| :k Feltl & Company .0 S. Highway 169 N inneapolis, MN 55426 | - | | **FILED** UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS  JUN 0 1 2005 | | | | Unknown |
| Account No. | | | | | | | |
| James P. Stephenson, Trustee c/o Foley & Lardner LLP 1 North Clark Street, Suite 2800 Chicago, IL 60610 | - | | KENNETH S. GARDNER, CLERK PG REP. - DDS | X | X | X | Unknown |
| Account No. | | | April-May 2001 * included any successors or assigns | | | | |
| SK Investment Svc.* c/o SIPC 01 Elm Street, Suite 3500 Dallas, TX 75270 SOF | - | | | X | X | X | 2,479,472.56 |
| Account No. | | | | | | | |
| Robinson Curley & Clayton 300 South Wacker Drive, Suite 1700 Chicago, IL 60606 C/O | - | | | | | | 153,507.70 |

|   | | Subtotal (Total of this page) | 2,632,980.26 |
|---|---|---|---|

_____ continuation sheets attached

Form B6F - Cont.
(12/03)

In re  **NOLA LLC**                                          Case No.  __05-16682__
                            Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community / DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| South Beach Securities, Inc. 209 South Wacker, Suite 1700 Chicago, IL 60606 | - | | | | | | 3,297,489.00 |
| Account No. | | | | | | | |
| Wachovia Securities c/o Levenfeld Pearlstein Two North LaSalle St., Suite 1300 Chicago, IL 60602 | - | | | | X | X | 1,098,457.90 |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | 4,395,946.90 |
|---|---|---|
|  | Total (Report on Summary of Schedules) | 7,028,927.16 |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

In re    **NOLA LLC**

Case No. ___**05-16682**___

Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:   A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate
schedule of creditors.

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**F I L E D**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 0 1 2005

KENNETH S. GARDNER, CLERK
PS REP. - DDS

___0___  continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re    **NOLA LLC**                          Case No.     **05-16682**

Debtor

# SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**F I L E D**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 0 1 2005

KENNETH S. GARDNER, CLERK
PS REP. - DDS

   **0**    continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

## United States Bankruptcy Court
### Northern District of Illinois

In re  **NOLA LLC**

_____
Debtor(s)

Case No.  **05-16682**

Chapter  **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Authorized agent of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __11__ sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____5/31/2005_____

Signature _____
Leon Greenblatt
Authorized agent

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

**JUN 0 1 2005**

**KENNETH S. GARDNER, CLERK**
**PS REP. - DDS**

Form 7
(12/03)

# United States Bankruptcy Court
## Northern District of Illinois

In re **NOLA LLC**
_____
Debtor(s)

Case No. **05-16682**

Chapter **11**

## STATEMENT OF FINANCIAL AFFAIRS

**F I L E D**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

KENNETH S. GARDNER, CLERK

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"*In business.*" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"*Insider.*" The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None ■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT          SOURCE (if more than one)

### 2. Income other than from employment or operation of business

None ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT          SOURCE

2

### 3. Payments to creditors

None
■    a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■    b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| In the Matter of Arbitration by and between Wachovia Securities, Inc., claimant, and Loop Corp., et al., respondents, New York Stock Exchange, Inc., Department of Arbitration, Case No. 2003-0011927 | | | |
| Stephenson v. Greenblatt, et al. (In re MJK Clearing, Inc.) Adv. Nos. 01-4257 and 03-4053 (Bankr. D. Minn. 2001) | | | |
| Stephenson v. Greenblatt, et al. Case No. 04-C-5709 (Bankr. N.D. Ill. Oct. 20, 2004) | | | |

None
☐    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| James P. Stephenson, Trustee c/o Foley & Lardner LLP 321 North Clark Street, Suite 2800 Chicago, IL 60610 | | Certain tax credits |

3

### 5. Repossessions, foreclosures and returns

None ■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ■

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

### 10. Other transfers

None ■ List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

### 11. Closed financial accounts

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

### 12. Safe deposit boxes

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None ■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None ■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15. Prior address of debtor

None ■ If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

5

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None
□

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| South Beach Securities, Inc. | 64-0691797 | 300 South Wacker, Suite 1700 Chicago, IL 60606 | Investments | |

6

None ■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None □    a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS
Leon Greenblatt III                                    DATES SERVICES RENDERED

None ■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                        DATES SERVICES RENDERED

None ■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                    ADDRESS

None ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                                    DATE ISSUED

### 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY            INVENTORY SUPERVISOR            DOLLAR AMOUNT OF INVENTORY
                                                            (Specify cost, market or other basis)

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                        NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                          RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                NATURE OF INTEREST                PERCENTAGE OF INTEREST

7

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Leon Greenblatt III | Manager/Authorized Agent | |
| Andrew Jahelka | Owner | 30% |
| James Nichols | Owner | 20% |
| Leon Greenblatt II | | 50% |

## 22 . Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME          ADDRESS          DATE OF WITHDRAWAL

None ☐    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS          TITLE          DATE OF TERMINATION
**None**

## 23 . Withdrawals from a partnership or distributions by a corporation

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,          DATE AND PURPOSE          AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR      OF WITHDRAWAL          OR DESCRIPTION AND
                                                                VALUE OF PROPERTY

### 24. Tax Consolidation Group.

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION          TAXPAYER IDENTIFICATION NUMBER

### 25. Pension Funds.

None ■    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

NAME OF PENSION FUND          TAXPAYER IDENTIFICATION NUMBER

8

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____ 5 31 2005 _____          Signature _____

Leon Greenblatt
Authorized agent

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 0 1 2005

KENNETH S. GARDNER, CLERK
PS REP. - DDS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

NOLA, L.L.C.,

Debtor.

)
)
)
)
)
)
)

Chapter 11
Case No. 05 B 16682

Hon A. Benjamin Goldgar
United States Bankruptcy Judge

## NOTICE OF FILING

To:    Attached Service List

Please take notice that on June 1, 2005, the undersigned counsel filed with the Clerk of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division the **Summary of Schedules, Schedules A, B, D, E, F, G, H; Declaration Concerning Debtor's Schedules; and Statement of Financial Affairs,** copies of which are herewith served upon you.

Respectfully submitted,
NOLA, L.L.C.

By: _____
One of its attorneys

Louis D. Bernstein (I.D. No. 6192379)
Mark E. Leipold (I.D. No. 6194124)
GOULD & RATNER
222 North LaSalle Street, Suite 800
Chicago, Illinois 60601
Telephone:    (312) 236-3003
Facsimile:    (312) 236-3241

## CERTIFICATE OF SERVICE

I, Kimberly L. Araujo, a non-attorney, certify that I caused copies of the above and foregoing **Notice of Filing; Summary of Schedules, Schedules A, B, D, E, F, G, H; Declaration Concerning Debtor's Schedules; and Statement of Financial Affairs,** to be served upon persons named below by depositing same, properly addressed and postage prepaid, in the United States mail receptacle located at 222 North LaSalle Street, on the 1st day of June, 2005, before the hour of 5:00 p.m.

Kimberly L. Araujo

Ira Bodenstein
Office of the U. S. Trustee, Region 11
227 W Monroe St
Suite 3350
Chicago, IL 60606

Jack Feltl & Company
600 S. Highway 169
Minneapolis, MN 55426

Robinson Curley & Clayton
300 South Wacker Drive, Suite 1700
Chicago, IL 60606

Levenfeld Pearlstein, LLC
Gary I. Blackman
Christopher S. Griesmeyer
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602

MJSK Investment Svc.
c/o SIPC
1201 Elm Street, Suite 3500
Dallas, TX 75270

South Beach Securities, Inc.
300 South Wacker, Suite 1700
Chicago, IL 60606

# United States Bankruptcy Court
## Northern District of Illinois

In re   **NOLA LLC**

Case No.    **05-16682**

              Debtor

Chapter              **11**

## SUMMARY OF SCHEDULES

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

**KENNETH S. GARDNER, CLERK**
**PB REP, - DDB**

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 0.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 8,217,873.02 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 10 | | | |
| | | Total Assets | 0.00 | | |
| | | Total Liabilities | | 8,217,873.02 | |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037