**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **WACHOVIA SECURITIES, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  04 C 3082 |
| | ) |
| **DAVID NEUHAUSER; ANDREW A. JAHELKA; RICHARD O. NICHOLS; LEON A. GREENBLATT III; BANCO PANAMERICANO, INC.,** a South Dakota Corporation; **LOOP CORP.,** a South Dakota corporation; **LOOP PROPERTIES, INC.,** an Illinois corporation; and **SCATTERED CORP.,** a South Dakota corporation; | ) ) ) ) Judge Virginia M. Kendall ) ) ) Magistrate Judge Maria Valdez ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AMENDED MOTION[1]
TO COMPEL AND INTRODUCE ADDITIONAL TRIAL EXHIBITS**

Plaintiff, Wachovia Securities, LLC ("Wachovia"), by its attorneys, Gary I. Blackman, Christopher S. Griesmeyer and Adam B. Rome of Levenfeld Pearlstein, LLC, respectfully submits this Memorandum of Law in support of its amended motion for an Order compelling the Defendants to produce certain documents and permitting Wachovia to introduce additional exhibits and evidence at trial.

### I. PRELIMINARY STATEMENT

Wachovia has just learned that the Defendants further encumbered Loop Corp.'s assets with a recent UCC lien in favor of Banco Panamericano, Inc. ("Banco"). Defendants filed their

---

[1] Wachovia filed its original Motion to Compel and Introduce Additional Trial Exhibits (together with accompanying Memorandum of Law) on December 12, 2007. In that Motion, Wachovia failed to include two additional documents that it seeks to introduce as trial exhibits (although Wachovia did include those documents as exhibits to its Response Brief in opposition to the Defendants' Motion to Continue Trial Date, which Wachovia filed on December 12th).

UCC lien, granting Banco a security interest in "all assets including proceeds and products" of Loop on March 16, 2007 – just two weeks after discovery had closed and the day after this Court entered an order setting this case for trial. Banco's UCC filing places Loop in contempt for violating a court-ordered citation that was issued in the companion post-judgment proceedings pending before Judge Hart.[2] ***The Defendants <u>never disclosed the UCC filing</u> or produced any documents related to it despite their clear obligation to do so.*** By this Motion, Wachovia asks the Court to compel the Defendants to produce all documents and information related to the UCC filing, and for leave to introduce that material at trial.

In addition, Wachovia has learned of two lawsuits that were recently filed against the Defendants in the Circuit Court of Cook County, Illinois. On August 31, 2007, Golf Ventures filed a lawsuit against Greenblatt, Jahelka and Nichols claiming fraud in the amount of $1,750,000. Less than two months later, on October 4, 2007, the law firm of Gould & Ratner, LLP filed an action against Leon Greenblatt for $431,000 in unpaid legal fees. Although Wachovia asked the Defendants to produce documents related to lawsuits filed against them, ***the Defendants <u>never disclosed</u> the Golf Ventures and Gould & Ratner lawsuits***. By this Motion, Wachovia asks the Court for leave to introduce copies of the Complaints filed in those lawsuits at trial.

## II. FACTUAL BACKGROUND

### A. THE MARCH 16, 2007 UCC FILING

The Defendants have a history of avoiding their creditors by encumbering assets through fraudulent liens granted in favor of insiders and related entities. In this case, Wachovia has obtained a $2.4 million judgment against Loop Corp., and has asserted fraudulent transfer claims

---

[2] *See, Wachovia Securities, LLC v. Loop Corp.,* Case No. 05 C 3788 (N.D. Ill.), at Dkt. 21.

against Loop and Banco.³ During the course of discovery, Wachovia issued production requests under Rule 34 to the Individual Defendants and the Corporate Defendants (including Loop and Banco). True and correct copies of those production requests are attached as <u>Exhibits A and B</u>, respectively. In those requests, Wachovia expressly asked the Individual Defendants to produce:

> 15. Any and all documents that concern, discuss, refer, relate to, identify or describe the financial status of Loop Corp., including, but not limited to, the following: (a) [a]ny and all lists of assets, or documents that concern, relate to or identify Loop Corp.'s assets. (Ex. A, p. 15).

Wachovia also expressly asked the Corporate Defendants to produce:

> 54. Any and all documents that identify or describe the assets of Loop and/or Loop's subsidiaries and affiliates.
>
> **55. Any and all documents that identify or describe any liens or encumbrances against any assets of Loop and/or Loop's subsidiaries and affiliates.**
>
> \* \* \*
>
> 58. Any and all documents that constitute, identify or describe any transfer of any asset from Loop to any "Greenblatt-Controlled Entity" during the time period from January 1, 2000 through the present.
>
> 59. Any and all documents that identify or describe any asset transferred by Loop to any "Greenblatt-Controlled Entity" during the time period from January 1, 2000 through the present.
>
> 60. Any and all documents that identify or describe the transferee of any asset transferred by Loop to any "Greenblatt-Controlled Entity" during the time period from January 1, 2000 through the present.
>
> 61. Any and all documents that identify or describe the consideration or value received by Loop from any transfer of asset(s) to any "Greenblatt-Controlled Entity" during the time period from January 1, 2000 through the present. (Ex. B, pp. 15-16, emphasis added).

On March 16, 2007, Banco filed a new UCC financing statement with the South Dakota Secretary of State, granting a lien in favor of Banco over "all assets including proceeds and

---

³ *See*, Revised Second Amended Complaint, Dkt. 209, at Counts VII, IX.

products" of Loop Corp. A true and correct copy of a Westlaw report regarding the March 16, 2007 lien is attached as <u>Exhibit C</u>. **Despite Wachovia's Rule 34 production requests, the Defendants <u>never</u> disclosed this lien, and <u>never</u> disclosed the UCC filing.** Instead, Wachovia's counsel first learned about the lien and UCC filing on December 10, 2007, during the course of preparing for trial.

The timing of the Defendants' March 16, 2007 UCC filing is particularly troubling. Fact discovery closed on February 28, 2007. (Dkt. 181). Wachovia deposed Loop's President, Andrew Jahelka, on February 6, 2007, and deposed Leon Greenblatt, III, on February 12, 2007. Those depositions focused heavily on the status of Loop's assets, including any liens placed against those assets – and specifically including liens in favor of Banco. For example, during Mr. Greenblatt's deposition, he testified as follows:

> Q: Well, when did Banco obtain a security interest in Loop Corp.'s assets?
>
> A: When it extended its initial loan.
>
> Q: And when was that?
>
> A: I believe it was in 2000.
>
> Q: And so when Banco – Strike that. From the time that Banco extended its initial loan to Loop Corp., has Banco always had a first priority lien position as to all of Loop Corp.'s assets?
>
> A: What part of "no" didn't you understand. (Greenblatt Dep. Tr., p. 67, lines 2-12).
>
> \* \* \*
>
> Q: And are Loop Corp.'s assets currently at risk?
>
> MR. NAISBITT: Objection to the extent it calls for a legal conclusion.
>
> A: That's a matter of privilege.

4

BY MR. GRIESMEYER:

Q: Can you explain to me how that is a matter of privilege?

A: All the decisions I've had about it I've had with my attorney.

Q: Do you have any knowledge independent of any conversations with your attorneys as to whether or not Loop Corp.'s assets are at risk?

A: It's a legal question and I've always asked my attorneys about the risks of assets with respect to legal questions.

Q: Well, what did you mean when you said Banco would foreclose on its lien to Loop Corp. if Loop Corp.'s assets were at risk, and specifically what I'm asking is: What do you mean by "at risk?"

A: I meant that Banco would not be able to obtain the value of the underlying assets at credit to its loan. (Greenblatt Dep. Tr., p. 74, line 18 – p. 75, line 15).

\* \* \*

Q: Now, when Scattered obtained its 90 percent ownership interest in Loop Properties, was that ownership interest subject to a lien by Banco?

A: Absolutely.

Q: And was Banco paid?

A: And was Banco paid what?

Q: When that ownership interest – when Scattered obtained its ownership interest in Loop Properties – I don't understand. Did Banco waive its lien in that ownership interest or what?

A: No. What part of "no" don't you understand? (Greenblatt Dep. Tr., p. 171, lines 9-19).[4]

Similarly, Mr. Jahelka testified during his deposition as follows:

Q: Mr. Jahelka, before we go onto the first amended complaint, if Loop were to liquidate its assets, is there any entity that has a first lien position on all the assets?

A: Today?

---

[4] Relevant portions of Mr. Greenblatt's deposition transcript are attached as Exhibit D.

5

> Q: Yes.
>
> A: Yes.
>
> Q: Is that Banco Panamericano?
>
> A: Banco Panamericano. Yes. (Jahelka Dep. Tr., p. 197, lines 8-16).[5]

The Defendants waited until March 16, 2007 – just after discovery had closed – before they filed Banco's UCC lien against Loop's assets. They did so with full knowledge that this was a critically important issue to Wachovia, yet they chose not to disclose the filing or produce any documents related to it.

Even more troubling is the fact that the Defendants failed to identify the UCC filing or produce related documents prior to the citation examination of Loop's President on May 10, 2007. In that examination, the issue of Banco's liens against Loop's assets again played a critical role. Mr. Jahelka testified as follows:

> Q: Okay. So it's – just to speed things up here, the various real estate that's owned by the various partners that Loop or Loop Properties has an interest in you believe they're all under water?
>
> A: I think they're pretty near zero.
>
> Q: Okay.
>
> A: I mean, I'm not –
>
> Q: I know. I know. Let me just ask you. When you're saying that they're near zero, is that based on the Banco lien being on there?
>
> A: In part.
>
> Q: Okay. If there was no Banco lien on any of these assets, would, in your opinion, the value of those assets change?
>
> MR. JORDAN: Objection. Calls for speculation.
>
> THE WITNESS: It doesn't change the value of the asset, no.

---

[5] Relevant portions of Mr. Jahelka's deposition transcript are attached as <u>Exhibit E</u>.

BY MR. BLACKMAN:

Q: Good point. Does it change the equity available to the owners?

A: If you take Banco away, it's going to have an effect, yes. (Jahelka Citation Tr., p. 91, line 21 – p. 92, line 18).

\* \* \*

Q: Okay. So when – **I've never seen any amended UCC filings** or security agreements that say our collateral which once was owned by Loop and is securing this big loan is now owned by this new entity so we need to make new filings with the new entity you agree that it's pledging this. **You've never seen that either?**

A: **I don't know.**

Q: Do you know whether you've ever seen anything like that?

A: I can't recall seeing anything like that. (Jahelka Citation Tr., p. 123, lines 17-24) (emphasis added).[6]

Wachovia is at a loss to understand how Mr. Jahelka could avoid disclosing Banco's lien during his citation examination, which occurred almost two months after the Defendants filed their March 16, 2007 UCC financing statement.

More to the point, Wachovia does not understand how Loop even allowed the lien to be filed, given the fact that Wachovia issued a Citation to Discover Assets against Loop almost a year earlier, on March 30, 2006. A true and correct copy of Wachovia's Citation is attached as Exhibit G. Wachovia's Citation prohibits Loop from "making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor…until further order of court or termination of the proceedings." (*Id.*). Loop is clearly in contempt for violating the Citation in the related post-judgment proceedings. The Defendants in this case should be similarly sanctioned for their failure to disclose the UCC filing and produce relevant documents.

---

[6] A true and correct copy of the transcript from Mr. Jahelka's citation examination is attached as Exhibit F.

### B. THE GOLF VENTURE AND GOULD & RATNER LAWSUITS

During the course of discovery, Wachovia asked the Individual Defendants to produce documents that concern, relate to or describe Mr. Greenblatt's relationship with his various entities, including Loop Corp., Repurchase Corp., Chiplease, and Banco Panamericano. (Ex. A, p. 11, ¶ 7). Wachovia further asked the Individual Defendants to produce documents related to any of the debts and liabilities of Loop Corp. (Ex. A, p. 15, ¶ 15). Wachovia even asked the Individual Defendants to produce documents related to any lawsuits filed against Messrs. Greenblatt, Nichols and Jahelka:

> 29. Any and all hearing transcripts, deposition transcripts, **pleadings**, discovery, correspondence and non-privileged documents related to the following litigation and arbitration matters:
>
> \* \* \*
>
> (d) **any other litigation,** arbitration, investigation or inquiry (civil or criminal) **involving** Loop Corp., NOLA, LLC, Chiplease, Inc., Repurchase Corp., Loren Holdings, Inc., Banco Panamericano, Neuhauser, **Greenblatt, Nichols or Jahelka**. (Ex. A, pp. 18-19) (emphasis added).

On August 31, 2007, Golf Ventures filed a lawsuit against Greenblatt, Jahelka and Nichols claiming fraud in the amount of $1,750,000. A true and correct copy of the Complaint filed in the *Golf Ventures, LLC v. Andrew Jahelka, et al.,* lawsuit is attached as Exhibit H. That Complaint contains allegations that are strikingly similar to the veil piercing and alter ego claims that Wachovia has asserted against the Individual Defendants and Loop Corp.:

> Loop Corp. was formed by Jahelka, Greenblatt and Nichols for the sole purpose of creating the fiction of a separate corporate existence to defraud members of the general public doing business with said Defendants both personally and through a multitude of corporations and partnerships which one or more of said Defendants formed. (Ex. H, p. 1, ¶ 3).

Similarly, on October 4, 2007, the law firm of Gould & Ratner, LLP filed an action against Leon Greenblatt for $431,000 in unpaid legal fees. A true and correct copy of the

Complaint filed in the *Gould & Ratner, LLP v. Leon Greenblatt,* lawsuit is attached as <u>Exhibit I</u>. Once again, that Complaint contains information that is directly relevant to Wachovia's veil piercing and alter ego claims. (*See, e.g.,* Ex. I at p. 2, ¶ 5).

The Golf Venture and Gould & Ratner Complaints should have been produced by the Defendants in response to Wachovia's document production requests in this case. For reasons known only to them, they refused to do so. Wachovia therefore asks the Court for leave to introduce copies of the Complaints filed in those lawsuits at trial.

### III. RELIEF REQUESTED

Wachovia requested documents related to any liens against Loop's assets during discovery. The Defendants had an obligation to identify and produce documents related to the March 16, 2007 UCC filing. They failed to do so. No doubt the Defendants will argue that the UCC filing occurred after the close of discovery, and therefore they had no obligation to disclose it. But that would violate Federal Rule of Civil Procedure 26(e), which expressly imposes an obligation upon the Defendants to timely supplement their discovery responses. The duty to supplement necessarily extends beyond the close of discovery. *See, e.g., Marianjoy Rehabilitaion Hosp. v. Williams Electronics Games, Inc.,* 1996 WL 411395 at *3, (N.D. Ill., July 19, 1996) ("It would clearly defeat the purpose of Rule 26(e) if the duty of supplementation did not survive the close of discovery.").

The documents and information related to the March 16, 2007 UCC filing are directly relevant to Wachovia's UFTA claims against Loop and Banco. As such, Wachovia is entitled to know all of the information related to this transaction. Wachovia therefore requests that the Court enter an Order requiring the Defendants to immediately produce all documents and information related to the March 16, 2007 UCC filing – as well as any other lien or transaction

9

involving Loop's assets which they have failed to disclose. This would include, but is not limited to, any security agreements, forbearance agreements, other agreements, UCC or other filings, and correspondence related to any such lien or transaction.

Wachovia further requests leave to identify "Exhibit G" to this Motion – as well as any documents produced by Defendants or related to the March 16, 2007 UCC filing – as a trial exhibit, and for leave to explore this issue during trial. Wachovia also requests leave to amend its Complaint at trial to include this UCC filing (as well as any other transactions that the Defendants have failed to disclose) as an element of its UFTA claims.

Finally, Wachovia requests leave to identify "Exhibit H" and "Exhibit I" to this Motion as trial exhibits, and for leave to examine the Defendants about the Golf Venture and Gould & Ratner litigation during trial.

WHEREFORE, for the reasons set forth above, Wachovia respectfully requests that the Court grant this Motion and enter an Order:

A. Compelling the Defendants to produce within two (2) days any and all documents (including, but not limited to, security agreements, forbearance agreements, other agreements, UCC filings, and correspondence) relating to any UCC filing against Loop Corp.'s assets;

B. Allowing Wachovia to introduce evidence at trial regarding any UCC filing against Loop Corp.'s assets, and to use as exhibits any documents related to such UCC filing(s);

C. Allowing Wachovia to amend its Revised Second Amended Complaint at trial to include any evidence regarding such UCC filing(s) in its fraudulent transfer claims against Defendants Loop Corp., and Banco Panamericano Inc.;

D. Allowing Wachovia to introduce evidence at trial related to the Complaint filed in *Gould & Ratner, LLP v. Leon Greenblatt*, Case No. 07 L 10509, as well as the Complaint filed in *Golf Venture, LLC v. Andrew Jahelka, et al.,* case No. 07 L 8815; and

E. Awarding Wachovia its costs and attorneys' fees incurred in bringing this Motion, together with any such other and further relief as this Court deems just.

Dated: December 13, 2007                                  Respectfully submitted,

                                                                 **WACHOVIA SECURITIES, LLC**

                                                                 By:     /s/ Christopher S. Griesmeyer
                                                                          One of Its Attorneys


Gary I. Blackman (ARDC #6187914)
Christopher S. Griesmeyer (ARDC #6269851)
Adam B. Rome (ARDC #6278341)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
(312) 346-8380 (Telephone)
(312) 346-8434 (Facsimile)

## CERTIFICATE OF SERVICE

I, Christopher S. Griesmeyer, an attorney, hereby certify that on December 13, 2007, I electronically filed Plaintiff's Memorandum of Law in Support of Plaintiff's Amended Motion to Compel and Introduce Additional Trial Exhibits with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the individuals listed:

**Atty for Banco Panamericano and Scattered Corp.:**
C. Philip Curley, Esq.
John H. Wickert, Esq.
Alan R. Dolinko, Esq.
Robinson Curley & Clayton, P.C.
300 South Wacker Drive
Suite 1700
Chicago, Illinois 60606

**Atty for Loop Corp. and Loop Properties**
Gerald C. Willis, Jr.
Paul W. McAndrews
McAndrews Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, Illinois 60661

**Atty for Neuhauser, Jahelka, Nichola, Greenblatt (Individual Defendants)**
James W. Naisbitt, Esq
James W. Naisbitt, Ltd
205 West Wacker Drive,
Suite 1600
Chicago, Illinois  60606

/s/    Christopher S. Griesmeyer
    Gary I. Blackman (ARDC# 6187914)
    Christopher S. Griesmeyer (ARDC# 269851)
    Adam B. Rome (ARDC# 6278341)
    LEVENFELD PEARLSTEIN, LLC
    2 North LaSalle Street, Suite 1300
    Chicago, Illinois 60602
    (312) 346-8380
    (312) 346-8434 (Facsimile)
    cgriesmeyer@lplegal.com