# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **WACHOVIA SECURITIES, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 04 C 3082** |
| | ) | |
| **DAVID NEUHAUSER; ANDREW A.** | ) | |
| **JAHELKA; RICHARD O. NICHOLS;** | ) | |
| **LEON A. GREENBLATT III; BANCO** | ) | Judge Virginia Kendall |
| **PANAMERICANO, INC.,** a South Dakota | ) | |
| Corporation; **LOOP CORP.,** a South | ) | |
| Dakota corporation; **LOOP PROPERTIES,** | ) | Magistrate Judge Maria Valdez |
| **INC.,** an Illinois corporation; and | ) | |
| **SCATTERED CORP.,** a South Dakota | ) | |
| corporation; | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF GARY I. BLACKMAN

I, Gary I. Blackman, being first duly sworn under oath, hereby depose and state as follows:

1. I am an attorney in good standing licensed to practice in the State of Illinois, and a member of the Northern District of Illinois Trial Bar. I am a partner at (and General Counsel of) Levenfeld Pearlstein, LLC, which is legal counsel to the Plaintiff, Wachovia Securities, LLC ("Plaintiff" or "Wachovia") in this matter. I am submitting this Affidavit in support of Plaintiffs' Petition for Attorneys Fees.

2. In my capacity as legal counsel for Plaintiff, I am aware and personally participated in these proceedings, and this Affidavit is based upon my personal knowledge, as informed by my review of the pleadings, documents, transcripts, documents and billing records related to this matter.

3. In my capacity as a partner at Levenfeld Pearlstein, I have personal knowledge as to the office procedures of Levenfeld Pearlstein concerning the recording of daily time, its entry on the computer system, and the general operation of the software, together with the record retention procedures of the firm.

4. Throughout its representation pertinent to this matter, Levenfeld Pearlstein has employed a time-keeping system under which each attorney makes daily notations as to his/her efforts and activities on behalf of clients. The information set forth in those daily notations are, under procedures established by Levenfeld Pearlstein, entered onto a computer system on a daily basis. Both the computer hardware and the Software (ProLaw) are generally recognized and employed in the business and legal community.

5. During the time period from September 22, 2005, through October 22, 2008 (the "Petition Period"), the Plaintiff incurred attorneys' fees in the amount of $941,798.75, and expenses in the amount of $210,387.70, from Levenfeld Pearlstein's representation of Plaintiff in this lawsuit.

6. A breakdown of each Levenfeld Pearlstein professional who worked on this matter, each such professional's position, hourly rate (including yearly rate increases) total hours expended in providing legal services, and the value attributable to such legal services are as follows:

| Professional | Title | Total Hours | Hourly Rate | Value |
|---|---|---|---|---|
| Gary I. Blackman | Partner | 38 | $310.00 | $11,780.00 |
| Gary I. Blackman | | 678.45 | $385.00 | $261,203.25 |
| David C. Blum | Partner | 8.8 | $355.00 | $3,124.00 |
| Steven P. Gomberg | Partner | 4.3 | $400.00 | $1,720.00 |
| Steven P. Gomberg | | 3.1 | $450.00 | $1,395.00 |
| Christopher S. Griesmeyer | Partner | 201.4 | $265.00 | $53,371.00 |
| Christopher S. Griesmeyer | | 74.2 | $290.00 | $21,518.00 |
| Christopher S. Griesmeyer | | 91 | $315.00 | $28,665.00 |

| Christopher S. Griesmeyer | | 947.9 | $345.00 | $327,025.50 |
|---|---|---|---|---|
| Adam B. Rome | Associate | 41.3 | $210.00 | $8,673.00 |
| Adam B. Rome | | 414.75 | $270.00 | $111,982.50 |
| April Bernath | Paralegal | 36.65 | $120.00 | $4,398.00 |
| April Bernath | | 15.4 | $135.00 | $2,079.00 |
| April Bernath | | 8.45 | $160.00 | $1,352.00 |
| April Bernath | | 43.6 | $175.00 | $7,630.00 |
| Steve A. James | Paralegal | 506.1 | $175.00 | $88,567.50 |
| Yolanda Powell | Paralegal | 41.8 | $175.00 | $7,315.00 |
| | | | | |
| **TOTAL** | | | | **$941,798.75** |

7. The hourly rates in the case were identical to, or less than, those charged by Levenfeld Pearlstein for similar or identical services provided by those professionals in other cases during the Petition Period.

8. In my capacity as General Counsel of Levenfeld Pearlstein, I have contracted for legal services with attorneys in the Chicago area. Based on my personal knowledge of the general legal community in the Chicago area regarding billing practices and rates, I conclude that the hourly rates identified above in Paragraph 6 are fair and reasonable for the respective professionals.

9. During the Petition Period, Levenfeld made every reasonable effort to have services that it rendered performed by those qualified attorneys and paraprofessionals charging the lowest hourly rates, consistent with the level of service, experience, and efficiency required of a give task.

10. All of the fees and expenses for which Wachovia requests payment and reimbursement relate to the Petition Period, and were rendered in connection with the case, at the Wachovia's request, and in the discharge of Levenfeld Pearlstein's professional responsibilities as Wachovia's counsel.

11. Levenfeld Pearlstein maintains written records of the time expended by its professionals. These time records are maintained contemporaneously with the rendering of legal services by each professional.

12. Detailed statements of Levenfeld Pearlstein's legal services for which compensation is now sought are attached to this Petition, in the form of detailed time records, as **Exhibit 1** (collectively, the "**Time Statement**"). The Time Statement sets forth in detail the legal services which Levenfeld Pearlstein rendered on behalf of Wachovia, the dates upon which such legal services were rendered, the nature of the legal services, the time spent on the matter, and the identity of each professional who performed such services. Certain descriptions of legal services have been redacted from the Time Statement in order to preserve the privileged nature of Levenfeld Pearlstein's work product.

13. Levenfeld Pearlstein also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the legal services that it renders. Such records for the case, which are attached hereto as **Exhibit 2**, contain a complete schedule of the expenses and amounts for which reimbursement is sought in relation to the legal services which Levenfeld Pearlstein provided to Wachovia during the Petition Period.

14. During the Petition Period, Levenfeld Pearlstein provided to Wachovia services that were necessary to the administration of the case, including but not limited to: meetings and communication with Wachovia personnel regarding case status and strategy; advising Wachovia on various matters; reviewing pleadings and monitoring the case; and maintaining the schedule of critical dates, scheduling and docketing information relating to the case; and managing the case file.

15. During the Petition Period, Levenfeld Pearlstein provided to Wachovia services that were necessary to obtain relevant information about the Defendants and their operations from other cases in which the Defendants were parties. These cases included the NOLA bankruptcy, Case No. 05-BR-16682 (N.D. Ill.); the South Beach Securities, Inc. bankruptcy, Case No. 05-BR-16679 (N.D. Ill.); the Resource Technology Corp. ("RTC") bankruptcy, Case No. 99-BR-35434 (N.D. Ill.); and the Telegraph Properties, LP bankruptcy, Case No. 02-BR-24261 (N.D. Ill.). These services included, but were not limited to:

   a. Prepare for and attend deposition of A. Jahelka at Rule 341 meeting of creditors in Telegraph Properties bankruptcy proceeding and review and analyze transcript of proceedings from Rule 341 meeting;

   b. Appear for hearing in the Resource Technology Corp. bankruptcy proceeding for temporary injunctive relief against Greenblatt.

16. During the Petition Period, Levenfeld Pearlstein spent substantial time preparing, serving, enforcing and defending discovery requests and subpoenas upon Defendants and third-parties. These services included but were not limited to:

   a. Review, analyze and prepare documents in response to the Second Request for Production of Documents requested by Individual Defendants;

   b. Prepare and file a Response to Defendants' Motion for Extension of Time to Respond to Discovery and for Protective Order;

   c. Receive, review and analyze Responses of Subpoenaed documents from James W. Naisbitt, Ltd and Response of Robinson Curley & Clayton, P.C. to Document Subpoena;

   d. Receive, review and analyze Responses of Individual Defendants to Plaintiff's Second Set of Interrogatories, Responses of Individual Defendants to Plaintiff's Second Set of Requests for Documents, Answers and Objections of Banco Panamericano, Inc. to Plaintiff's First Set of Interrogatories, Answers and Objections of Defendant Scattered Corp. to Plaintiff's First Set of Interrogatories, Answers and Objections of Defendant Loop Corp. to Plaintiff's First Set of Interrogatories, and Answers and Objections of Defendant Loop Properties, Inc. to Plaintiff's First Set of Interrogatories;

e. Prepare and file Joint Discovery Plan;

f. Prepare, file, brief and attend court hearing on Plaintiff's Rule 45 Motion to Compel Michael May, CPA's Production of Documents in Response to Subpoena Duces Tecum and Memorandum of Law in Support of Plaintiff's Rule 45 Motion to Compel Michael May, CPA'S Production of Documents in Response to Subpoena Duces Tecum;

g. Prepare, file, brief and attend court hearing on Plaintiff's Rule 45 Motion to Compel Production of Documents From Telegraph Properties, Inc., 200 West Partners, LP, Old Colony Properties, Inc. Old Colony Partners, LP, Chiplease, Inc., Teletech Systems, Inc. Rumplestiltskin (USA), Randolph Properties, Inc. Sterling Telemanagement Consultants, LLC, EZ Links Golf, Inc., EZ Links Golf, LLC, Repurchase Corp. and South Beach Securities, Inc. in Response to Subpoenas Duces Tecum and Memorandum of Law in Support of Plaintiff's Rule 45 Motion to Compel Production of Documents From Telegraph Properties, Inc., 200 West Partners, LP, Old Colony Properties, Inc. Old Colony Partners, LP, Chiplease, Inc., Teletech Systems, Inc. Rumplestiltskin (USA), Randolph Properties, Inc. Sterling Telemanagement Consultants, LLC, EZ Links Golf, Inc., EZ Links Golf, LLC, Repurchase Corp. and South Beach Securities, Inc. in Response to Subpoenas Duces Tecum;

h. Prepare, file and brief Plaintiff's Motion to Compel Defendant Loop Corp's Answers to First Set of Interrogatories and Memorandum of Law in Support of Plaintiff's Motion to Compel Defendant Loop Corp's Answers to First Set of Interrogatories;

i. Prepare, file, brief and attend court hearing on Plaintiff's Motion to Compel Defendant Loop Properties, Inc.'s Answers to First set of Interrogatories; and Memorandum of Law in Support of Plaintiff's Motion to Compel Defendant Loop Properties, Inc.'s Answers to First set of Interrogatories;

j. Prepare, file, brief and attend court hearing on Plaintiff's Motion to Compel Defendant Scatterd Corp.'s Answer to First Set of Interrogatories, Plaintiff's Motion to Compel Defendant Banco Panamericano, Inc.'s Answers to First Set of Interrogatories, Plaintiff's Motion to Compel Individual Defendants' Answers to second set of Interrogatories, Plaintiff's Motion to Compel Corporate Defendants' Production of Documents Responsive to First set of Request to Produce, and Plaintiff's Motion to Compel Individual Defendants' Production of Documents Responsive to Second Set of Request to Produce;

k. Receive, review and analyze Individual Defendants' Supplemental Responses to Plaintiff's Second Set of Interrogatories, Loop's Supplemental Answers and Objections to Plaintiff's First Set of

6

      Interrogatories, Scattered Corp.'s Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories, Loop Properties, Inc.'s Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories, and Banco Panamericano's Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories;

l.   Receive, review and analyze Corporate Defendants' First set of Interrogatories to Wachovia Securities, LLC;

m.   Review, analyze and prepare Plaintiff's Answers and Objections to Corporate Defendants' First Set of Interrogatories, Plaintiff's Responses and Objections to Corporate Defendants' First set of Request for Production;

n.   Review, analyze and prepare Plaintiff's Supplemental Answers and Objections to Individual Defendant's second set of Interrogatories, and Plaintiff Supplemental Answers and Objections to Corporate Defendant's first set of Interrogatories;

o.   Prepare and file Joint Status Report;

p.   Prepare for and participate in the Videotape Deposition of Elisabeth Neimann; Videotape Deposition of Patricia Roy; Videotape Deposition of Joseph Rubino; Videotape Deposition of Robert Temple; Videotape Deposition of Doug Damrow; Videotape Deposition of Kris Stelzner;

q.   Prepare for and participate in the Depositions of Leon Greenblatt, Richard Nichols, Andrew Jahelka, David Neuhauser, Michael May, Elizabeth Sharp, and Craig Greene;

r.   Prepare, file, brief and attend court hearing on Motion for Ruling on the Designation of Certain Depositions as Confidential;

s.   Prepare, file, brief and attend court hearing on Plaintiff's Motion to Bar or Strike the Expert Testimony of Craig L. Greene and to Modify Expert Discovery Schedule and Memorandum in Support of Motion to Bar or Strike Defendants' Expert Craig L. Green and to Modify Expert Discovery Deadlines; and

t.   Prepare for and participate in the Deposition of John A. Slavek.

17.   During the Petition Period, Levenfeld Pearlstein prepared, filed and served is Second and Revised Second Amended Complaint. Levenfeld Pearlstein also responded to and briefed Defendants' Motion for Sanctions including Involuntary Dismissal of the Second

Amended Complaint. Levenfeld Pearlstein also spent considerable time in successfully defending against the Defendants' Motion to Dismiss Plaintiff's original Complaint.

18. During the Petition Period, Levenfeld Pearlstein spent substantial time preparing, serving, and defending summary judgment motions filed by the Defendants, as well as pursuing Wachovia's cross-motion for summary judgment. These services included but were not limited to:

a. Receive, analyze, brief and attend court hearing on Motion of Individual Defendants for Summary Judgment on All Counts and Statement of Undisputed Material Facts of Individual Defendants in Support of Motion For Summary Judgment on All Counts and Memorandum of Individual Defendants in Support of Motion for Summary Judgment on All Counts;

b. Receive, analyze, brief and attend court hearing on Motion of Corporate Defendants for Summary Judgment on All Counts, Memorandum of Law in Support of Motion of Corporate Defendants for Summary Judgment on All Counts, Statement of Undisputed Material Facts of Corporate Defendants in Support of Motion for Summary Judgment on All Counts;

c. Prepare, file, brief and attend court hearing on Motion to Strike or Stay Defendants' Motions for Summary Judgment;

d. Prepare, file, brief and attend court hearing on Plaintiff's Motion to File Its Separate Statement of Undisputed Facts Under Seal;

e. Prepare, file, brief and attend court hearing on Plaintiff's Motion for Partial Summary Judgment as to Court I and Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment as to Count I;

f. Prepare, file, brief and attend court hearing on Plaintiff's Motion for Leave to File Amended Statement of Undisputed Facts Under Seal;

g. Prepare, file, brief and attend court hearing on Plaintiff's Motion to File its Response to Corporate and Individual Defendants' Separate Statement of Undisputed Facts Under Seal; and

h. Receive, analyze, brief and attend court hearing on Defendants' Motion to Strike Portions of Wachovia's Local Rule 56.1 Amended Separate Statement of Undisputed Facts in Support of Its Motion for Partial Summary Judgment and Memorandum in Support of Motion to Strike Portions of Wachovia's Local Rule 56.1 Amended Separate Statement of Undisputed Facts in Support of Its Motion for Partial Summary Judgment;

19. During the Petition Period, Levenfeld Pearlstein spent substantial time analyzing the expert report prepared by the Defendants' expert, Craig Greene, and engaging in written and oral discovery regarding the materials upon which Mr. Greene based his assumptions. Wachovia also retained, at significant expense, John Slavek of Kroll, Inc. as its rebuttal expert, and Levenfeld Pearlstein spent significant time working with Mr. Slavek in preparation for his deposition and trial testimony. Mr. Salvek's testimony was ultimately not necessary, as the Defendants decided after the first day of trial that they would not be calling Mr. Greene as a witness at trial.

20. During the Petition Period, Levenfeld Pearlstein spent substantial time preparing for trial. These services included but were not limited to:

    a. Preparation of Trial Subpoena to David Neuhauser, Trial Subpoena to Richard Nichols Trial Subpoena to Andrew Jahelka, Trial Subpoena to Leon Greenblatt, Trial Subpoena to Craig Greene, Trial Subpoena to Greg Jordan, Trial Subpoena to Patricia Roy, Trial Subpoena to Elisabeth Niemann, Trial Subpoena to Douglas Damrow, Trial Subpoena to Kris Stelzner, Trial Subpoena to Joseph Rubino, Trial Subpoena to Dana LeVasseur, Trial Subpoena to Robert Temple, Trial Subpoena to Elizabeth Sharp, and Trial Subpoena to Michael May;

    b. Receive, analyze, brief and attend hearing on Defendants' Motion to Strike Wachovia Securities, LLC's Expert Witness;

    c. Prepare, file, brief and attend court hearing on Plaintiff's Motion in Limine to Bar Defendants' Expert From Testifying at Trial;

    d. Receive, analyze, brief and attend hearing on Joint Motion in Limine to Bar all Purported Wachovia Witnesses not Previously Disclosed and Identified in Wachovia's Fed. R. Civ. Pro. 26(A)(1) Disclosures;

    e. Receive, analyze, brief and attend hearing on Individual Defendants' Motion in Limine to Bar Wachovia's New Fraud Claim;

    f. Receive, analyze, brief and attending hearing on Joint Motion in Limine to Bar Evidence and Argument on Alleged Fraudulent Conveyances not in the Complaint and Memorandum in Support of Defendants' Joint Motion in Limine to Bar Evidence and Argument on Alleged Fraudulent Conveyances not in Complaint;

g. Receive, analyze, brief and attend hearing on Motion to Quash Third-Party Subpoena to Elizabeth Sharp, Motion to Quash Third-Party Subpoena to Gary Jordan and Motion to Quash or Petition to Void Third-Party Subpoena to Michael May;

h. Receive, analyze, brief and attend hearing on Motion of Elizabeth D. Sharp, Esq. to Withdraw as Counsel for Defendants Loop Corp. and Loop Properties, Inc, and Emergency Motion for a Continuance of Trial until such time as New Counsel for Defendants Loop Corp. and Loop Properties, Inc. have had time to prepare for Trial;

i. Receive, analyze, brief and attend hearing on Corporate Defendants' Motion for Continuance of Trial Date; and

j. Prepare, file, brief and attend court hearing on Plaintiff's Motion to Compel and Introduce Additional Trial Exhibits and Memorandum of Law in Support of Plaintiff's Motion to Compel and Introduce Additional Trial Exhibits.

21. Levenfeld Pearlstein provided services that were necessary to represent Wachovia with respect to trial, which included but were not limited to: preparing for and attending trial; reviewing and preparing trial exhibits; preparation for examination of witnesses at trial, performing research and analysis of various issues being raised at trial, preparing various documents for trial, preparing and filing various trial-related pleadings with the Court, preparing opening and closing arguments, and conducting strategy meetings.

22. During the Petition Period, Levenfeld Pearlstein prepared and responded to post-trial briefs related to issues raised during trial. These services included, but were not limited to:

a. Prepare, file, brief and attend court hearing on Plaintiff's Motion for rule to Show Cause as to Gregory Jordan and/or to Compel;

b. Prepare, file, brief and attend court hearing on Plaintiff's Motion for Rule to Show Cause as to Dykema Gossett and/or to Compel;

c. Prepare, file, brief and attend court hearing on Plaintiff's Post-Trial Brief Regarding Leon Greenblatt's Trial Testimony;

d. Prepare, file, brief and attend court hearing on Plaintiff's Post-Trial Proposed Findings of Fact and Conclusions of Law;

e. Receive, analyze, brief and attend hearing on Scattered Corp's Post-Trial Position Paper on Fraudulent Transfer Counts;

f. Receive, analyze, brief and attend hearing on Gregory Jordan's Brief Regarding Certain Testimony and Documentation Issues Raised by the Court;

g. Receive, analyze, brief and attend hearing on Leon Greenblatt's Post-Trial Position Papers on Corporate Veil Counts;

h. Receive, analyze, brief and attend hearing on Banco Panamericano's Memorandum Concerning Certain Banco Internal Documents;

i. Receive and analyze Defendants' Proposed Findings of Fact and Conclusions of Law;

j. Prepare, file and brief Petition for Sanctions Against Gregory Jordan;

k. Prepare, file and brief Motion to Strike Defendant's Post Trial Position Paper; and

l. Prepare, file and brief Motion to Strike Brief regarding Certain Testimony and Affidavit of Gregory Jordan.

23. During the Petition Period, Levenfeld Pearlstein provided to Wachovia services related to its post-judgment citation proceeding against Loop Corp., including, but not limited to:

a. Prepare and Issue Citations to RN Realty and Leigh Rabman in Loop Corp. post-judgment proceedings;

b. Review, analyze and organize documents responsive to Loop Citation;

c. Appear before J. Valdez for return on citation to discover assets to L. Rabman and RN Realty;

d. Plan, prepare for and attend citation to discover assets and presentation of motion for sanctions;

e. Prepare for and attend the deposition of Andrew Jahelka for post judgment citation proceedings - court ordered depositions;

f. Attend citation examination hearing of Loop Corp. (A. Jahelka);

g. Prepared motion to compel payment and citations to discover assets;

h. Prepare and attend Motion to compel Leon Greenblatt for his citation examination.

11

24. In addition to its legal fees, Wachovia incurred $210,387.70 in expenses in connection with the legal services that it rendered during the Petition Period. **Exhibit 2** contains a detailed description of Wachovia's expenses.

Further Affiant Sayeth Not.

_____
Gary I. Blackman

Subscribed and Sworn to before me
this 13th day of November, 2008.

_____
Notary Public

"OFFICIAL SEAL"
Yolanda Powell
Notary Public, State of Illinois
My Commission Exp. 08/16/2009