## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WACHOVIA SECURITIES, LLC, | ) | **Case No. 04 C 3082** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Judge William T. Hart** |
| vs. | ) | |
| | ) | **Magistrate Judge Michael T. Mason** |
| DAVID NEUHAUSER, ANDREW A. | ) | |
| JAHELKA, RICHARD O. NICHOLS, | ) | |
| LEON A. GREENBLATT III, BANCO | ) | |
| PANAMERICANO, INC. a South | ) | |
| Dakota corporation, LOOP CORP, | ) | |
| a South Dakota corporation, LOOP | ) | |
| PROPERTIES, INC., an Illinois | ) | |
| corporation, and SCATTERED CORP., | ) | |
| a South Dakota corporation | ) | |
| | ) | |
| Defendants. | ) | |

FILED LAL

JUN 2 0 2005
JUN 20 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### BANCO PANAMERICANO, INC.'S AND SCATTERED CORP.'S
### REPLY IN SUPPORT OF MOTION TO EXTEND
### TIME TO ANSWER OR OTHERWISE PLEAD

The Opposition of Plaintiff Wachovia Securities, LLC ("Wachovia") to the Motion to Extend Time is the latest in an increasingly transparent pattern to abuse the litigation process in order to multiply the cost of this action (and a related arbitration proceeding) to the defendants and to deprive defendants of their choice of counsel. It is time for Wachovia's misconduct to be put to an end.

### The Motion to Extend Time

Wachovia filed its First Amended Complaint on May 18, 2005. It named four new defendants, including Banco Panamericano, Inc. ("Banco") and Scattered Corp. ("Scattered"). Banco and Scattered were served on or about May 24, 2005, and their responsive pleadings thus became due June 13, 2005. On that date, C. Philip Curley, John H. Wickert, and Alan R.

Dolinko of Robinson Curley & Clayton, P.C. filed their appearances on behalf of Banco and

Scattered. They also filed a Motion to Extend Time seeking an extension until July 1, 2005, to

answer or otherwise plead. [1]

## Wachovia's Pattern of Misconduct

### A. Background

A few paragraphs of background is unfortunately necessary to put Wachovia's Opposition

to the Motion to Extend Time into context. This case is related to a New York Stock Exchange

("NYSE") arbitration brought by Wachovia in 2003 against Loop Corp ("Loop") and NOLA,

LLC ("NOLA"). Messrs. Curley and Wickert appeared in the arbitration for respondents Loop

and NOLA. Wachovia also named David Neuhauser, Andrew A. Jahelka, Richard O. Nichols,

and Leon A. Greenblatt III (collectively "Individual Defendants") as respondents in the

arbitration even though they had never agreed to arbitrate with Wachovia. Because Wachovia

refused to dismiss the Individual Defendants from the arbitration, on or about March 30, 2004,

the Individual Defendants (as plaintiffs) filed a Complaint in the Circuit Court of Cook County,

Illinois seeking to enjoin Wachovia from arbitrating claims against them before the NYSE.

Messrs. Curley and Wickert appeared for the Individual Defendants in the injunctive action.

---

[1] Appearances were also filed by Messrs. Curley, Wickert, and Dolinko on behalf of a third defendant added for the first time in the First Amended Complaint, Loop Properties, Inc. ("Loop Properties"), and Loop Properties was also included as a movant in the Motion to Extend Time. This was done to avoid a technical default because it appeared that counsel for Loop Properties, Elizabeth D. Sharp, would be unable to sign and file her appearance on June 13, 2005. As it turned out, Ms. Sharp was able to file her appearance timely. Thereafter, on June 15, 2005, Messrs. Curley, Wickert, and Dolinko filed a motion to withdraw their appearances for Loop Properties, which is scheduled for hearing the same day (June 22, 2005) as the Motion to Extend Time. Wachovia has filed no opposition to the motion to withdraw the additional appearances of Messrs. Curley, Wickert, and Dolinko for Loop Properties.

Wachovia removed the injunctive action to federal court, and on May 21, 2004,

Wachovia filed its Answer, Affirmative Defenses and Counterclaims against the Defendants.

The Court held its first Status Hearing on May 24, 2004. At the Status Hearing, Mr. Wickert

explained that the Individual Defendants had been improperly joined as parties in the NYSE

arbitration, and that the identical claims brought in the arbitration were among those asserted in

the Counterclaim filed by Wachovia in this action. The following exchange then took place

between the Court, Mr. Wickert, and Mr. Blackman, one of the attorneys for Wachovia:

> THE COURT:   Now there is a counterclaim against the individuals - -
>
> MR. BLACKMAN:   Basically we are saying we agree with you [Defendants], that *we will litigate in the district court rather than in the arbitration.*
>
> I think the net effect of this is that their [Defendants'] request for an injunction is moot now because what they are asking the Court for is that these matters be adjudicated not before an arbitrator but before you, or before the appropriate judge, which is what we have essentially agreed to do.
>
> So the issues that would have been raised in the arbitration will now be raised in our counterclaim, and rather than seek to object to their [Defendants'] request that the matters be judicially determined, we will agree to that.
>
> THE COURT:   *Nobody wants arbitration then as between the parties in this litigation?*
>
> MR. BLACKMAN:   *I think that's the net effect of this, that they have objected to arbitration against the individuals. Rather than fight that battle, we have said, fine, we'll litigate with you in district court.* And I think that will have the effect of mooting their initial lawsuit, or their initial claim for injunction, and we can proceed with our counterclaim against them.
>
> THE COURT:   Do you agree with all that?
>
> MR. WICKERT:   *Well, I'm happy to hear that they are dropping us [from the arbitration].* I mean, we had requested them to drop us before and they filed an answer denying that we were entitled to relief on our complaint.

(Exhibit A, pp. 4-6, emphasis added).   Accordingly, an Order was entered (Exhibit B hereto)

pursuant to which the Individual Defendants voluntarily withdrew their Complaint seeking injunctive relief and the parties were realigned, with Wachovia appearing as plaintiff in this action. The Order allowed the NYSE arbitration to proceed against Loop and NOLA.

Four days after the status, on or about May 28, 2004, Wachovia filed a motion in the NYSE arbitration proceeding to stay the arbitration against the Individual Defendants and not to dismiss the claims. When Wachovia refused to dismiss the arbitration claims as it had promised to do, the Individual Defendants were forced to file a Motion to Reinstate their request for injunctive relief in this action, or, alternatively, for a further order of the Court in aid of enforcement of its Order dated June 2, 2004, directing Wachovia to dismiss the arbitration claims. On November 4, 2004, the Court issued just such an order, finding that: "Based on its prior representations, Wachovia will now be expressly ordered to dismiss the arbitration action as against the [Individual Defendants]." (Exhibit C, Memorandum Opinion and Order at p .4.) [2]

## B. Wachovia's Gamesmanship Forces the Withdrawal of Messrs. Curley and Wickert in the Arbitration.

After the Court's entry of its Order on November 4, 2004, the arbitration proceeded against Loop and NOLA alone. The arbitration hearing was scheduled for February 9, 2005. On January 25, 2005, however, just two weeks before the arbitration was to start, Wachovia *for the first time* disclosed that it intended to call Mr. Curley as a witness (Exhibit E) and served Mr. Curley with a Subpoena to testify at the arbitration hearing. The subject matter of Mr. Curley's

___

[2] The above example is not the only time Wachovia has been less than forthright in its comments to the Court in this action. It has on more than one occasion complained that no discovery occurred in this case for a nine month period (as emphasized by Wachovia at a hearing on its recent Motion to Compel), leaving it to counsel for the Individual Defendants to remind the Court that it had stayed discovery pursuant to the Private Securities Litigation Reform Act. (Exhibit D, Minute Order dated June 24, 2004.)

examination, according to Wachovia, was to be Mr. Curley's supposed admission of liability of

Loop and NOLA during settlement discussions in 2001. Not only had Mr. Curley not been

identified as even a *potential* witness at any prior time during the arbitration, he had not been

identified as a person with knowledge by Wachovia in its Rule 26 disclosures served in this

related case *just seven weeks earlier on December 2, 2004.* (Exhibit F.)

Upon learning of Wachovia's intent to call him as a witness in the arbitration against his

clients, Mr. Curley advised Loop and NOLA that pursuant to Rule 3.7(b) he could no longer

represent them in that proceeding. [3] The arbitration Panel allowed James W. Naisbitt, Ltd. and

James W. Naisbitt to substitute as counsel for Respondents in the arbitration and continued the

arbitration to April 28, 2005, in order to give Mr. Naisbitt time to prepare. Amazingly, after

creating the circumstance by its own action, Wachovia opposed both the substitution of counsel

for Loop and NOLA and the continuance of the arbitration hearing date. Wachovia reiterated its

intention to call Mr. Curley as a witness at the arbitration hearing after Mr. Naisbitt substituted as

counsel. (Exhibit G.)

With Mr. Curley safely out of the arbitration proceeding, however, Wachovia's true

strategy came to light. Despite its repeatedly stated intention to call Mr. Curley as a witness,

---

[3]   Rule 3.7(b) of the Illinois Rules of Professional Conduct provides in full:

> If a lawyer knows or reasonably should know that the lawyer may be
> called as a witness other than on behalf of the client, the lawyer may
> accept or continue the representation until the lawyer knows or
> reasonably should know that the lawyer's testimony is or may be
> prejudicial to the client.

Mr. Curley as a member of the Illinois bar is subject to the Illinois Rules of Professional
Conduct, including Rule 3.7(b).

Wachovia on the eve of the arbitration hearing advised Mr. Naisbitt that it would **not** call Mr.
Curley after all. Thus, Wachovia succeeded in multiplying the cost of the arbitration by (1)
causing satellite proceedings in the arbitration over the propriety of belatedly identifying Mr.
Curley as a witness and over the substitution of counsel and continuance of the arbitration
hearing date, and (2) requiring Loop and NOLA to bear the additional expense of retaining new
counsel on the eve of the hearing, including the expense incurred by Mr. Naisbitt to come up to
speed on a matter that had been fully prepared for hearing by Mr. Curley. Ultimately, of course,
none of this additional expense was necessary because Wachovia dropped Mr. Curley as an
arbitration witness. And as a bonus, Wachovia was successful in forcing Mr. Curley and his
twenty months of experience on the file from the arbitration.

## C. Wachovia Is Now Trying the Same Maneuver in This Action.

Wachovia's response to the routine motion before the Court for additional time to answer
or otherwise plead is to now multiply the cost of *this action* to defendants, to try to once again to
gain some sort of a strategic advantage, and also to deprive Mr. Curley's clients of their counsel
of choice. Wachovia argues that the same Rule 3.7(b) concerns that led Mr. Curley to withdraw
in the arbitration proceeding mean that he cannot now appear for Banco and Scattered in this
action. There are so many reasons why this argument is absurd that it is hard to know where to
begin.

*After* Wachovia identified Mr. Curley as a witness in the arbitration proceeding, it
amended its Rule 26 disclosures in this case to identify Mr. Curley as a person with knowledge.
Wachovia apparently (at least earlier this year) intended to call Mr. Curley as a witness in *this*
case with regard to its claim of equitable tolling, which allegedly arises out of the same 2001

6

settlement discussions in which Wachovia argued at the arbitration Mr. Curley admitted the liability of Loop and NOLA . (Exhibit H, First Amended Complaint at ¶¶ 55-56.) [4] After Mr. Curley received Wachovia's Opposition to the Motion to Extend Time, he and Wachovia's counsel, Christopher S. Griesmeyer, exchanged views on the applicability of Rule 3.7(b) to Mr. Curley's representation of Banco and Scattered.

Mr. Curley noted that the 2001 settlement discussions and Wachovia's equitable tolling allegations against the Individual Defendants had nothing to do with the new claims of alleged fraudulent transfers brought against Banco and Scattered which were not part of the arbitration, and that therefore any testimony Mr. Curley might give could not be "prejudicial" to Banco or Scattered under Rule 3.7(b). Mr. Griesmeyer and Wachovia, apparently conceding this argument, responded by serving yet another amended Rule 26 disclosure in this case *just three days ago*. (Exhibit I.) In it, for the very first time, Mr. Curley is now identified as a person "believed" by Wachovia to have information about the alleged fraudulent transfers to Banco and Loop. [5] Thus, Wachovia now apparently now intends to call Mr. Curley as a witness on the alleged fraudulent transfers. Except of course, as in the arbitration, Wachovia might well not call

---

[4] Equitable tolling was not an issue in the arbitration. Thus, Wachovia had to construct another rationale to call Mr. Curley as a witness in the arbitration: his supposed admission of liability on behalf of Loop and NOLA. Interestingly, when Wachovia was seeking to call Mr. Curley as a witness in the arbitration it denied that the 2001 communications were settlement discussions. Here, they plead the opposite and allege in paragraph 55 of the First Amended Complaint that "Mr. Curley initiated settlement discussions with Wachovia." Obviously, Wachovia will say whatever it feels best supports its position *du jour* without any regard for the facts.

[5] In fact, to better cover its tracks, Mr. Curley is also now "believed" by Wachovia, according to its most recent Rule 26 disclosures, to have information about the merits of every claim (twelve Counts in total) brought by Wachovia against all eight defendants.

Mr. Curley as a witness at all.

Bare allegations that a party has the "belief" that opposing counsel has information, *even assuming* that "belief" is well founded and asserted in good faith, however, is not the standard for application of the lawyer/witness rule under Rule 3.7(b). Instead, the lawyer who may be called as a witness "may accept or continue the representation until the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client." Mr. Curley simply has no testimony to give in this case that may be prejudicial to the claims against Banco or Scattered. [6]

The most upsetting aspect of Wachovia's Opposition to the Motion to Extend Time is its assertion that *Mr. Curley* is attempting to delay this lawsuit and increase *Wachovia's* litigation costs by appearing for Banco and Scattered. None of the satellite lawyer/witness litigation in this action or the arbitration would ever have happened if Wachovia had not waited until two weeks before the arbitration hearing to for the first time name Mr. Curley as a witness, only to then not call him at all. Wachovia's actions in the arbitration and the timing of the serial amendments to its Rule 26 disclosures in this case could not make it any clearer that Wachovia is the one acting with less than a pure motive. In any event, Mr. Curley will commit to the Court that neither he nor his clients will inject a lawyer/client issue in this case in order to seek a delay in the event Mr. Curley is a trial witness.

---

[6] The effect of Wachovia's Opposition would be to disqualify Messrs. Curley, Wickert, and Dolinko. The Seventh Circuit has recognized that disqualification motions "should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co.*, 689 F. 2d 715, 722 (7th Cir. 1982). Such motions are especially disfavored at the early stages of proceedings when there is no evidence that the attorney's testimony would substantially prejudice the client. *See Interactive Coupon Mktg. Group, Inc. V. H.O.T. Coupons, LLC*, 1999 U.S. Dist. LEXIS 9004 (N.D. Ill., June 7, 1999).

Rule 3.7 applies to trial counsel. If Mr. Curley *is* actually called as a trial witness by Wachovia, and in the unlikely event his testimony is deemed prejudicial, Rule 3.7(c) anticipates just such a situation: "Except as prohibited by Rule 1.7 or 1.9 [not applicable here], a lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm may be called as a client." Thus, Mr. Wickert or Mr. Dolinko, who (at least not yet) are not included in Wachovia's Rule 26 disclosures, can appear as trial counsel even if Mr. Curley is called as a witness by Wachovia. [7]

## CONCLUSION

For all of the reasons stated above and in the Motion to Extend Time, movants request that they be given until July 1, 2005, to answer or otherwise plead to the First Amended Complaint.

Date: June 20, 2005

By: _____
One of the Attorneys for Movants

C. Philip Curley (ARDC No. 3124181)
John H. Wickert (ARDC No. 6188313)
Alan R. Dolinko (ARDC No. 6193228)
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606
(312) 663-3100 - Telephone
(312) 663-0303 - Facsimile

---

[7] This was not an option in the arbitration because the first designation of Mr. Curley as a witness was made just two weeks before the start of the hearing. Neither Mr Wickert nor Mr. Dolinko were prepared to step in and try the arbitration at that late hour. Mr. Dolinko had not appeared in the arbitration at all and had no familiarity with the file. While Mr. Wickert had done some work in the arbitration it largely involved the issue of whether the Individual Defendants could be forced to arbitrate and his familiarity with the merits of the file was limited. Here, both Mr. Wickert and Mr. Dolinko will be participating in this case on behalf of Banco and Scattered from the outset and will be prepared to step in at trial if necessary.

**EXHIBIT A**

1

1  IN THE UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF ILLINOIS
2         EASTERN DIVISION

3  WACHOVIA SECURITIES, LLC,        )   Docket No. 04 C 3082
   a Delaware corporation,          )
                                    )
4                    Plaintiff,     )
                                    )   Chicago, Illinois
5          vs.                      )   May 24, 2004
                                    )   11:00 o'clock a.m.
6  DAVID NEUHAUSER, et al.,         )
                                    )
7                    Defendants.    )

8       TRANSCRIPT OF PROCEEDINGS - STATUS
9       BEFORE THE HON. WILLIAM T. HART

10 APPEARANCES:

11 For the Plaintiff:        ROBINSON CURLEY & CLAYTON, PC
                            BY:  MR. JOHN H. WICKERT
12                          300 South Wacker Drive
                            Suite 1700
13                          Chicago, Illinois 60606

14 For the Defendant        LEVENFELD & PEARLSTEIN
   Counter-Plaintiff:       BY:  MR. GARY IRWIN BLACKMAN
15                               MR. CHRISTOPHER SCOTT GRIESMEYER
                            20 North Wacker Drive
16                          Suite 1900
                            Chicago, Illinois 60606

17 Court Reporter:          MS. MARY M. HACKER
18                          219 South Dearborn Street
                            Room 1426
19                          Chicago, Illinois 60604
                            (312) 663-0049

20

21

22

23

24

25

4

1 arbitration, and we filed our complaint saying we never signed

2 the arbitration agreements.

3        And now they've denied -- I mean, they've answered

4 our complaint and denied it, and they have also counter-

5 claimed against the individuals, essentially seeking the same

6 relief against them that they are seeking in the arbitration.

7        So we feel at least there's a contradiction between

8 the two positions that they are taking, that they are suing us

9 both in court and also arbitrating against us.

10        And we also have some questions concerning their

11 position that Wachovia is the proper party here in view of the

12 fact that the complaint seeks an injunction against the

13 arbitration and they have never substituted Wachovia as the

14 proper party in the arbitration proceeding, which has been

15 pending for over a year.  And that's still in the name of

16 Prudential Securities, Incorporated.

17        MR. BLACKMAN:  Judge, I think as a practical matter,

18 the individuals were named initially in the arbitration --

19        THE COURT:  The individuals meaning the plaintiffs?

20        MR. BLACKMAN:  The plaintiffs in this case.

21        They filed an action in state court saying, you know,

22 we shouldn't be in that arbitration, then we removed that up

23 to here.  As a practical matter, I think that will have the

24 effect of --

25        THE COURT:  Now there is a counterclaim against the

5

1  individuals --

2          MR. BLACKMAN:  Basically we are saying we agree with

3  you, that we will litigate in the district court rather than

4  in the arbitration.

5          I think the net effect of this is that their request

6  for an injunction is moot now because what they are asking the

7  Court for is that these matters be adjudicated not before an

8  arbitrator but before you, or before the appropriate judge,

9  which is what we have essentially agreed to do.

10         So the issues that would have been raised in the

11  arbitration will now be raised in our counterclaim, and rather

12  than seek to object to their request that the matters be

13  judicially determined, we will agree to that.

14         THE COURT:  Nobody wants arbitration then as between

15  the parties in this litigation?

16         MR. BLACKMAN:  I think that's the net effect of this,

17  that they have objected to arbitration against the

18  individuals.  Rather than fight that battle, we have said,

19  fine, we'll litigate with you in district court.  And I think

20  that will have the effect of mooting their initial lawsuit, or

21  their initial claim for injunction, and we can proceed with

22  our counterclaim against them.

23         THE COURT:  Do you agree with all that?

24         MR. WICKERT:  Well, I'm happy to hear that they are

25  dropping us.  I mean, we had requested them to drop us before

6

1  and they filed an answer denying that we were entitled to

2  relief on our complaint.

3       But I guess we will agree that this is a proper forum

4  for --

5       THE COURT:  Why don't you gentlemen sit down and

6  draft an order that spells this out because the record isn't

7  going to show any of this, other than the typed record of the

8  court reporter.  The court record won't show, unless you draw

9  an appropriate order, that you have come to agreement on this.

10      Now, the parties can always waive arbitration, so

11  that is okay.  But if anybody wants arbitration, you have to

12  ask for it and you have to make the appropriate motion for it.

13  And you can forgo that and resolve the case apparently on the

14  counterclaim, right?

15      MR. BLACKMAN:  Correct, Judge.  And the arbitration

16  will proceed as to other entities.

17      THE COURT:  I was going to ask you that.  Who else is

18  in the arbitration?

19      MR. BLACKMAN:  Well, the arbitration will proceed

20  against corporate entities that are not before this Court,

21  that are not the plaintiffs in this case and that are not part

22  of our counterclaim.

23      This is an action solely against certain individuals

24  who happen to have associations with those entities, but there

25  are corporate entities and LLCs that are subject to the

**EXHIBIT B**

*File*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAVID NEUHAUSER,　　　　　　　　　 )
ANDREW A. JAHELKA,　　　　　　　　　 )
RICHARD O. NICHOLS and　　　　　　　 )
LEON A. GREENBLATT III,　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiffs,　　　　　　 )
　　　　　　　　　　　　　　　　　　 )　　 Case No.　04　C　3082
　　　　　　v.　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
WACHOVIA SECURITIES, LLC　　　　　　 )
(improperly named as Prudential Equity　 )
Group, Inc., a Delaware corporation),　　 )　　 Judge William T. Hart
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendant;　　　　　　 )　　 Magistrate Judge Michael T. Mason
　　　　　　　　　　　　　　　　　　 )
　　　　　 - and -　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
WACHOVIA SECURITIES, LLC,　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Counterplaintiff,　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　v.　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
DAVID NEUHAUSER,　　　　　　　　　 )
ANDREW A. JAHELKA,　　　　　　　　　 )
RICHARD O. NICHOLS and　　　　　　　 )
LEON A. GREENBLATT III,　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Counterdefendants　　 )

## ORDER

This matter coming to be heard for status on May 24, 2004, due notice having been given

and the Court being fully advised, it is hereby ORDERED:

1.　Given the representation in Court that Wachovia Securities, LLC, and its
predecessors in interest, including Prudential Securities Incorporated, is not
proceeding with its claims in an arbitration pending before the New York Stock
Exchange, Proceeding Number 2003-011927, against Plaintiffs David Neuhauser,
Andrew Jahelka, Richard O. Nichols and Leon Greenblatt, III, the Plaintiffs'
Complaint is voluntarily withdrawn, with all parties to bear their own costs.

Nothing in this Order is intended to apply to Wachovia Securities, LLC's, and its predecessors in interest, including Prudential Securities Incorporated's, claims against Loop Corporation and NOLA, LLC, in the NYSE arbitration.

2.   The parties are re-aligned, and the caption of this case is amended to read as follows:

<table>
<tr><td>Wachovia Securities, LLC,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td style="text-align:center">Plaintiff,</td><td>)</td><td></td></tr>
<tr><td style="text-align:center">v.</td><td>)</td><td>04 C 3082</td></tr>
<tr><td>David Neuhauser, Andrew</td><td>)</td><td></td></tr>
<tr><td>A. Jahelka, Richard O. Nichols,</td><td>)</td><td></td></tr>
<tr><td>and Leon A. Greenblatt, III,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td style="text-align:center">Defendants.</td><td>)</td><td></td></tr>
</table>

3.   In light of the withdrawal of the Complaint and the re-alignment of the parties noted above, the Answer and Affirmative Defenses of Wachovia Securities, LLC, are withdrawn, and the Counterclaims of Wachovia Securities, LLC are amended on their face and shall be referred to as "Wachovia Securities, LLC's Complaint."

4.   Defendants shall have 21 days, up to and including June 14, 2004, to answer or otherwise plead to Wachovia Securities, LLC's Complaint.

5.   This matter is set for further status on June 30, 2004 at 11:00 a.m.

ENTER:

_____
JUDGE

6-2-04

Steven P. Gomberg (ARDC# 1004204)
Gary I. Blackman (ARDC# 6187914)
Christopher S. Griesmeyer (ARDC# 6269851)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle Street
Suite 1300
Chicago, Illinois 60602
(312) 346-8380
(312) 346-8434 (Facsimile)

2

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


WACHOVIA SECURITIES, LLC, a     )
Delaware corporation,           )
                                )
            Plaintiff,          )
        v.                      )     No. 04 C 3082
                                )
DAVID NEUHAUSER, ANDREW A.      )
JAHELKA, RICHARD O. NICHOLS,    )
LEON A. GREENBLATT, III,        )
                                )
            Defendants.         )


## MEMORANDUM OPINION AND ORDER


        Plaintiff Wachovia Securities LLC[1] contends that

defendants David Neuhauser, Andrew Jahelka, Richard Nichols, and

Leon Greenblatt[2] misused Wachovia margin accounts opened in the

names of Loop Corp. and NOLA, LLC.  Loop and NOLA are not

defendants in the present lawsuit.  The Loop and NOLA accounts

allegedly were being used to surreptitiously obtain a controlling

interest in Health Risk Management, Inc. ("HRMI").  When NASDAQ

discontinued trading of HRMI stock, Wachovia was left with a

_____

        [1]Wachovia is the successor in interest to Prudential
Securities Incorporated, which will also be referred to as
"Wachovia."

        [2]These four individuals will be collectively referred to
as "the Neuhauser Individuals."

than in arbitration. . . . So the issues that would have been raised in the arbitration will now be raised in our counterclaim, . . . ." May 24, 2004 Tr. at 5. In a further colloquy, the court stated: "Now, the parties can always waive arbitration, so that is okay. But if anybody wants arbitration, you have to ask for it and you have to make the appropriate motion for it. And you can forego that and resolve the case apparently on the counterclaim, right?" Id. at 6. Counsel for Wachovia responded: "Correct, Judge. And the arbitration will proceed as to other entities." Id. Following the May 24 hearing, the parties submitted an agreed draft order that was entered by the court. The order included a representation by Wachovia that it is "not proceeding with its claims" against the Neuhauser Individuals in arbitration. Based on these representations, the Neuhauser Individuals' removed action was dismissed with prejudice.

Wachovia makes no argument as to why the federal action would be inadequate to obtain any necessary relief from the Neuhauser Individuals. If Wachovia is successful in the present lawsuit, there would be no need for further proceedings against these individuals in the arbitration. Based on its prior representations, Wachovia will now be expressly ordered to dismiss the arbitration action as against the Neuhauser Individuals. Since that order will be entered, there will be no need to reinstate the action of the Neuhauser Individuals.

- 4 -

**EXHIBIT D**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Michael W. Dobbins                                        Office of the Clerk
    CLERK


        C. Philip Curley
        Robinson, Curley & Clayton, P.C.
        300 South Wacker Drive
        Suite 1700
        Chicago, IL  60606


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Case Number:  1:04-cv-03082     Other Court No: 04 CH 5504

        Title:  Wachovia Securities v. Neuhauser

Assigned Judge: Honorable William T. Hart


MINUTE ORDER of 6/23/04 by Hon. William T. Hart: Answer
brief to defendants' 12(b)(6) motion to dismiss complaint
[9-1] due 07/21/04. Reply to answer brief due 08/04/04.
Ruling on defendants' 12(b)(6) motion to dismiss complaint
will be by mail. Status hearing set for 06/30/04 is
stricken. Discovery is stayed until defendants' 12(b)(6)
motion to dismiss complaint is resolved. Mailed notice


This docket entry was made by the Clerk on June 24, 2004


ATTENTION:   This notice is being sent pursuant to Rule 77(d) of the
             Federal Rules of Civil Procedure or Rule 49(c) of the Federal
             Rules of Criminal Procedure.  It was generated by ICMS,
             the automated docketing system used to maintain the civil and
             criminal dockets of this District.  If a minute order or
             other document is enclosed, please refer to it for
             additional information.

For scheduled events, motion practices, recent opinions and other information,
visit our web site at www.ilnd.uscourts.gov

Check our web site for CourtWeb--a concise listing of rulings by judges.
Check for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
service--to receive e-mail notification of CourtWeb postings.

To apply for a PACER account, call 1.800.676.6856

# EXHIBIT E

**LEVENFELD PEARLSTEIN, LLC**
WWW.LPLEGAL.COM

Christopher S. Griesmeyer
(312) 476-7574
CGRIESMEYER@LPLEGAL.COM
CHICAGO OFFICE



January 25, 2005

**VIA FACSIMILE and FEDERAL EXPRESS**

John H. Wickert, Esq.
Robinson, Curley & Clayton, P.C.
Suite 1700
300 South Wacker Drive
Chicago, Illinois 60606

Re:   *Wachovia Securities, LLC v. Loop Corp., et al.*
      NYSE Docket No. 2003-011927
      File No. 34043-50381

Dear John,

Enclosed, please find Wachovia's Rule 619(c) Pre-Hearing Exchange. You will note that Wachovia's Witness List identifies Mr. Curley as one of Wachovia's witnesses. Please let me know if Mr. Curley will require the formality of a subpoena before appearing at the hearing on February 9th, and if so, whether he will accept service by facsimile. Please also let me know if the Respondents will stipulate to the authenticity and admissibility of the documents identified on Wachovia's Document List.

Finally, I have enclosed copies of the following documents, which Wachovia hereby produces pursuant to Rule 619(b) and Rule 619(c):

*   Mr. Curley's August 16, 2001 letter to Robert Bramnick (C00191);

*   Internal account analysis documents for the Respondents' Loop Corp. and NOLA, LLC accounts (C00192-212); and

*   Spreadsheet calculating updated balances of Respondents' Loop Corp. and NOLA, LLC accounts through January 31, 2005 (C00213-214).

I look forward to hearing from you.

Sincerely,

Christopher S. Griesmeyer

Christopher S. Griesmeyer

cc:   C. Phillip Curley, Esq.
      Steven P. Gomberg, Esq.
      Gary I. Blackman, Esq.

724992_1

2 NORTH LASALLE STREET   SUITE 1300   CHICAGO   ILLINOIS 60602   TEL 312.346.8380   FAX 312.346.8434
211 WAUKEGAN ROAD   SUITE 200   NORTHFIELD   ILLINOIS 60093   TEL 047.441.7676   FAX 312.346.8434

**EXHIBIT F**



**LEVENFELD PEARLSTEIN, LLC**
WWW.LPLEGAL.COM

*File*

Christopher S. Griesmeyer
(312) 476 7674
CCRIESMEYER@LPLEGAL.COM
CHICAGO OFFICE

December 2, 2004

**VIA FACSIMILE and U.S. MAIL**

John H. Wickert, Esq.
Robinson Curley & Clayton, P.C.
300 South Wacker Drive – Suite 1700
Chicago, Illinois 60606

>    Re:   *Wachovia Securities, LLC v. David Neuhauser, et al.*
>          **Case No.: 04 C 3082**
>          **Our File No.: 34048-52927**

Dear Mr. Wickert:

This letter will serve as Wachovia's Rule 26(a)(1) disclosures in the above-captioned matter. In addition, I will address your purported Rule 26(a)(1) disclosures, which I received this morning.

RULE 26(a)(1)(A) WITNESSES: The following persons are believed to possess information relevant to the claims and defenses asserted in this litigation.

- **Kris Stelzner**, Wachovia broker. Mr. Stelzner's last known address and telephone number are 500 Lake Cook Road, Suite 100, Deerfield, Illinois 60015, (847) 948-1400. Any attempt to contact Mr. Stelzner should be made through Wachovia's counsel. Mr. Stelzner is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated – including Defendants' use of those accounts as a vehicle to acquire HRMI stock – and Defendants' failure to satisfy their margin debts in violation of their account agreements.

- **Doug Damrow**, Wachovia branch manager. Mr. Damrow's last known address and telephone number are 500 Lake Cook Road, Suite 100, Deerfield, Illinois 60015, (847) 948-1400. Any attempt to contact Mr. Damrow should be made through Wachovia's counsel. Mr. Damrow is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated – including Defendants' use of those accounts as a vehicle to acquire HRMI stock – and Defendants' failure to satisfy their margin debts in violation of their account agreements.

John Wickert, Esq.
December 2, 2004
Page 2

- **Patricia Roy**, Wachovia regional counsel. Ms. Roy's last known address is One Seaport Plaza, 30th Floor, New York, NY 10292, and her last known telephone number is (212) 214-6424. Any attempt to contact Ms. Roy should be made through Wachovia's counsel. Ms. Roy is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated -- including Defendants' use of those accounts as a vehicle to acquire HRMI stock -- and Defendants' failure to satisfy their margin debts in violation of their account agreements.

- **Joseph Rubino**, Wachovia Senior Vice President. Mr. Rubino's last known address and telephone number are 1 New York Plaza, 10th Floor, New York, NY 10292. (212) 778-7300. Any attempt to contact Mr. Rubino should be made through Wachovia's counsel. Mr. Rubino is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated -- including Defendants' use of those accounts as a vehicle to acquire HRMI stock -- and Defendants' failure to satisfy their margin debts in violation of their account agreements.

- **Robert Temple**, Wachovia operations manager. Mr. Temple's last known address and telephone number are 500 Lake Cook Road, Suite 100, Deerfield, Illinois 60015, (847) 948-1400. Any attempt to contact Mr. Temple should be made through Wachovia's counsel. Mr. Temple is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated -- including Defendants' use of those accounts as a vehicle to acquire HRMI stock -- and Defendants' failure to satisfy their margin debts in violation of their account agreements.

- Defendants, **Leon Greenblatt, III**, **Andrew Jahelka**, **Richard Nichols** and **David Neuhauser**. Defendants' current addresses and telephone numbers are unknown to Wachovia, but are believed to be available to Defendants' counsel. Defendants' last-known address is 330 South Wells Street, Chicago, Illinois, 60606. Defendants are believed to have information about the facts and circumstances surrounding the opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated (as well as similar accounts in the name of other corporate entities at similar investment firms) including Defendants' use of those accounts as a vehicle to fraudulently acquire HRMI stock. Defendants are further believed to have information about their involvement in this fraudulent scheme, as well as the financial status of Loop Corp. and NOLA, LLC. Defendants are also believed to have information concerning their failure to satisfy their margin debts in violation of their account agreements.

- **Elizabeth Sharp**. Ms. Sharp's address and telephone number are unknown to Wachovia, but are believed to be available to Defendants and their counsel. Ms. Sharp is believed to have information about the facts and circumstances surrounding the operations of Loop Corp., Defendants' current and historical positions in Loop Corp., Defendants' use of Loop Corp to open a margin account at Prudential Securities Incorporated as part of a fraudulent scheme to acquire a controlling interest in HRMI, and the current and historical financial condition of Loop Corp.

700032-1

John Wickert, Esq.
December 2, 2004
Page 3

- **Michael May.** Mr. May's address and telephone number are unknown to Wachovia, but are believed to be available to Defendants and their counsel. Mr. May is believed to have information about the facts and circumstances surrounding the operations of Loop Corp., Defendants' current and historical positions in Loop Corp., Defendants' use of Loop Corp. to open a margin account at Prudential Securities Incorporated as part of a fraudulent scheme to acquire a controlling interest in HRMI, and the current and historical financial condition of Loop Corp.

- **John Conolley.** Mr. Conolley's address and telephone number are unknown to Wachovia, but are believed to be available to Defendants and their counsel. Mr. Conolley is believed to have information concerning Defendants' current and historical relationship with Resource Technology Corporation, Defendants' current and historical financial status, and Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI.

- **Kevin Werner.** Mr. Werner's address and telephone number are unknown to Wachovia, but are believed to be available to Defendants and their counsel. Mr. Werner is believed to have information concerning Defendants' current and historical relationship with Resource Technology Corporation, Defendants' current and historical financial status, and Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI.

- **John E. Feltl.** Mr. Feltl's address and telephone number are currently unknown to Wachovia. Mr. Feltl is believed to have information concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI. Mr. Feltl is further believed to have information concerning the facts and circumstances surrounding the *Feltl v. Greenblatt, et al.,* lawsuit, Case No. 03-13751, pending in Minnesota State Court.

- **Unknown persons at MJK Clearing, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *In re MJK Clearing, Inc.* bankruptcy proceeding, Case No. 01-4257, pending in the United States Bankruptcy Court for the District of Minnesota

- **Unknown persons at Credit Suisse First Boston, LLC** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Credit Suisse First Boston, LLC v. Repurchase Corp., et al.* arbitration, NYSE docket number 2003-014931.

- **Unknown persons at Resource Technology Corporation** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as the Defendants' current and historical financial information and accounting activities. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *In re Resource Technology Corporation,* bankruptcy proceeding, Case No. 99 BR 35434, pending in the United States Bankruptcy Court for the Northern District of Illinois.

705552-1

John Wickert, Esq.
December 2, 2004
Page 4

- **Unknown persons at Marine Bank** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as the Defendants' current and historical financial information and accounting activities. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Marine Bank v. Loop Corp.*, Case No. 04 CH 12239, pending in the Circuit Court of Cook County, Chancery Division.

- **Unknown persons at CIB Marine Bancshares, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as the Defendants' current and historical financial information and accounting activities. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Marine Bank v. Loop Corp.*, Case No. 04 CH 12239, pending in the Circuit Court of Cook County, Chancery Division.

- **Unknown persons at Health Risk Management, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement.

- **Unknown persons at Loop Corp.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Wachovia Securities v. Loop Corp., et al.* arbitration, NYSE docket number 2003-011927.

- **Unknown persons at NOLA, LLC** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Wachovia Securities v. Loop Corp., et al.* arbitration, NYSE docket number 2003-011927.

- **Unknown persons at Chiplease, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities.

- **Unknown persons at Banco Panamericano, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities.

766632-1

John Wickert, Esq.
December 2, 2004
Page 5

- **Unknown persons at Repurchase Corp.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities.

- **Unknown persons at Rumpelstiltskin (USA) Corp.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities.

- **Unknown persons at Loren Holdings, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities.

RULE 26(a)(1)(B) DOCUMENTS: Copies of the following categories of documents are in the possession of Wachovia's counsel.

- Various Schedule 13(D) filings of Chiplease, Inc.

- Various Schedule 13(D) filings of Health Risk Management, Inc.

- Various newspaper articles regarding Defendants.

- Various newspaper articles regarding Health Risk Management, Inc.

- Correspondence between the parties in this litigation.

- Correspondence pertaining to the *Wachovia Securities v. Loop Corp., et al.* arbitration, NYSE docket number 2003-011927.

- Internal correspondence, account information and reports pertaining to Defendants' "Loop Corp." account.

- Internal correspondence, account information and reports pertaining to Defendants' "NOLA, LLC" account.

- Internal correspondence, account information and reports pertaining to Defendant Neuhauser's account.

- Account records produced by CIB Marine Bancshares, Inc. and Marine Bank in response to Wachovia's subpoena in the *Wachovia Securities v. Loop Corp., et al.* arbitration, NYSE docket number 2003-011927.

- Documents produced by the parties in the *Wachovia Securities v. Loop Corp., et al.* arbitration, NYSE docket number 2003-011927.

- Pleadings and discovery materials in the *Feltl v. Greenblatt, et al.*, litigation, Case No. 03-13751, pending in Minnesota State Court.

706832-1

John Wickert, Esq.
December 2, 2004
Page 6

- Pleadings and discovery materials in the *In re MJK Clearing, Inc.* bankruptcy proceeding, Case No. 01-4257, pending in the United States Bankruptcy Court for the District of Minnesota.

- Pleadings and discovery materials in the *Credit Suisse First Boston, LLC v. Repurchase Corp., et al.* arbitration, NYSE docket number 2003-014931.

- Pleadings and discovery materials in the *In re Resource Technology Corporation* bankruptcy proceeding, Case No. 99 BR 35434, pending in the United States Bankruptcy Court for the Northern District of Illinois.

- Pleadings and discovery materials in the *Marine Bank v. Loop Corp.* litigation, Case No. 04 CH 12239, pending in the Circuit Court of Cook County, Chancery Division.

- Pleadings and discovery materials in the *Wachovia Securities v. Loop Corp., et al.* arbitration, NYSE docket number 2003-011927.

**RULE 26(a)(1)(C) DAMAGES:** Wachovia's damages in this case total $2,984,211.34, plus ongoing interest and attorneys' fees.

Finally, I find your Rule 26(a)(1) disclosures, which I received this morning, to be lacking in several respects. Federal Rule of Civil Procedure 26(a)(1)(A) requires the Defendants in this case to: (a) disclose the identity of all witnesses who may be used to support their claims and defenses, and (b) identify the subjects of information possessed by each such witness. You purport to satisfy the requirements of Rule 26(a)(1)(A) by simply stating that "[a]ll persons with knowledge have been identified in [the NYSE Arbitration] proceeding." The "parties" in this case are Messrs. Greenblatt, Neuhausor, Jahleka and Nichols. As you are aware, none of these individuals have identified any witnesses in the NYSE Arbitration. To the contrary, the only parties who have identified witnesses in that proceeding are Loop Corp. and NOLA, LLC.[1] Based upon your Rule 26(a)(1) disclosures, the Defendants appear to have conceded that Loop Corp. and NOLA, LLC are, indeed, their alter egos, and that Loop and NOLA's discovery responses in the NYSE Arbitration were made on the Defendants' behalf.

Moreover, even if Defendants in this case are treating Loop and NOLA as their alter egos by adopting their discovery responses, those discovery responses fail to articulate the subjects of information possessed by the witnesses you have disclosed. In that regard, your purported Rule 26(a)(1)(A) disclosures are wholly inadequate.

Federal Rule of Civil Procedure 26(a)(1)(B) requires the Defendants to produce copies of documents (or a description of categories of documents together with their location) that support their defenses to Wachovia's claims. You purport to satisfy Defendants' Rule 26(a)(1)(B) obligations by stating that you "have turned over the required documents [in the NYSE Arbitration] or will be doing so shortly." As explained above, the only documents that you have produced in the NYSE Arbitration were produced on behalf of Loop Corp. and NOLA, LLC. Once again, by adopting these discovery responses, Defendants are conceding that Loop and NOLA were their alter egos. Moreover, your reference to documents that you will be producing "shortly" is inadequate. Because you have not produced the documents

---

[1] Moreover, the only witnesses identified by Loop and NOLA in the NYSE Arbitration are Messrs. Greenblatt, Jahelka, Neuhauser and Steiner. I therefore presume that Mr. Nichols possesses no relevant information, and will not be defending himself against Wachovia's claims in this litigation.

John Wickert, Esq.
December 2, 2004
Page 7

themselves, you are required to identify the categories of documents which you intend to produce "shortly."

I do, however, accept the adequacy of Defendants' Rule 26(a)(1)(C) and Rule 26(a)(1)(D) disclosures.

Please do not hesitate to call me if you would like to further discuss these matters.


Sincerely,

Christopher S. Griesmeyer

706632.1

**EXHIBIT G**

**LEVENFELD PEARLSTEIN, LLC**
WWW.LPLEGAL.COM

Christopher S. Griesmeyer
(312) 476-7574
CGRIESMEYER@LPLEGAL.COM
CHICAGO OFFICE



February 10, 2005

**VIA FACSIMILE & U.S. Mail**

James W. Naisbitt, Esq.
James W. Naisbitt, Ltd.
205 W. Wacker Drive, Suite 1600
Chicago, Illinois 60606

　　　Re:　*Wachovia Securities, LLC  v. Loop Corp.,* et al.
　　　　　NYSE Docket No. 2003-011927
　　　　　File No. 34048-50381

Dear Mr. Naisbitt:

This letter will confirm our discussion during the arbitration hearing on February 9, 2005. In light of the Panel's decision to accept your appearance as counsel for Respondents and grant your motion for an adjournment, Wachovia does now intend to: (a) call Mr. Curley as a witness at the April 28-29, 2005 arbitration hearing, and (b) introduce the letters Mr. Curley wrote to Wachovia in June and August of 2001.

Please do not hesitate to call me if you have any questions or would like to further discuss this matter.

Sincerely,

Christopher S. Griesmeyer

Enclosure

cc:　C. Philip Curley, Esq.
　　　John H. Wickert, Esq.
　　　Steven P. Gomberg, Esq.
　　　Gary I. Blackman, Esq.

W:\WFORM\ACTIVE\LPTEMP\730244_1.DOC

2 NORTH LASALLE STREET  SUITE 1300  CHICAGO  ILLINOIS 60602  TEL 312.346.8380  FAX 312.346.8434
211 WAUKEGAN ROAD  SUITE 300  NORTHFIELD  ILLINOIS 60093  TEL 847.441.7676  FAX 312.346.8434

**EXHIBIT H**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

MAY 18 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| WACHOVIA SECURITIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  04 C 3082 |
| | ) | |
| DAVID NEUHAUSER;  ANDREW A. | ) | |
| JAHELKA;  RICHARD O. NICHOLS; | ) | |
| LEON A. GREENBLATT III;  BANCO | ) | Judge William T. Hart |
| PANAMERICANO, INC., a South Dakota | ) | |
| Corporation; LOOP CORP., a South | ) | |
| Dakota corporation; LOOP PROPERTIES, | ) | Magistrate Judge Michael T. Mason |
| INC., an Illinois corporation; and | ) | |
| SCATTERED CORP., a South Dakota | ) | |
| corporation; | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

The Plaintiff, Wachovia Securities, LLC ("Wachovia"), by its attorneys, Gary I.

Blackman and Christopher S. Griesmeyer of Levenfeld Pearlstein, LLC, and for its First

Amended Complaint against Defendants David Neuhauser ("Neuhauser") Andrew Jahelka

("Jahelka"), Richard O. Nichols ("Nichols"), Leon A. Greenblatt III ("Greenblatt") (Neuhauser,

Jahelka, Nichols and Greenblatt collectively referred to as the "Individual Defendants"), Banco

Panamericano, Inc., Loop Corp., Loop Properties, Inc., and Scattered Corp., states as follows:

### I. PRELIMINARY STATEMENT

1.     The Individual Defendants in this action have conspired to defraud Wachovia out

of more than $3.7 million.  Their fraud involved using two alter ego shell corporations – Loop

Corp. and NOLA, LLC – to open margin accounts with Wachovia (then Prudential Securities

54. Consequently, Wachovia began to explore potential legal remedies. In the course of its investigations, it learned of the undisclosed relationships among the various Defendants and the purpose behind the formation of NOLA, LLC. Unfortunately, this knowledge came too late. As of June 19, 2001, Wachovia had extended margin credit to the Individual Defendants of almost $3 million, consisting of $1,098,459.90 to NOLA and $1,885,751.44 to Loop. At that time and today, that indebtedness was almost completely unsecured by the accounts' assets. With interest, these unpaid margin debts total more than $3.7 million as of April 28, 2005.

## I. DEFENDANTS EQUITABLY TOLL STATUTE OF LIMITATIONS

55. On June 4, 2001, C. Philip Curley, Esq. (counsel for Loop, NOLA and the Individual Defendants) wrote to Wachovia and stated that he "represent[ed] Loop Corp. and NOLA, LLC in connection with their existing margin balances with your firm." Mr. Curley initiated settlement discussions with Wachovia, and proposed to satisfy the Loop and NOLA margin debts with proceeds from the sale of two office buildings located at 330 South Wells Street (the address of Loop, NOLA, Banco, Chiplease, Loop Properties, Scattered, and a host of other entities controlled by Greenblatt) and 407 South Dearborn Street. A true and correct copy of Mr. Curley's June 4, 2001 correspondence is attached as Exhibit I. Based upon these settlement overtures, Wachovia refrained from exercising its rights under the margin agreements and delayed filing its Statement of Claim against Loop and NOLA.

56. On August 16, 2001, Mr. Curley wrote to Wachovia (through its counsel) and confirmed that his clients were unable to meet the Regulation T margin calls. Mr. Curley also stated that the proposed sale of 330 South Wells Street and 407 South Dearborn had fallen through. A true and correct copy of Mr. Curley's August 16, 2001 correspondence is attached as Exhibit J.

16

# LEVENFELD PEARLSTEIN, LLC
WWW.LPLEGAL.COM

Christopher S. Griesmeyer
(312) 476-7574
CGRIESMEYER@LPLEGAL.COM
CHICAGO OFFICE



June 17, 2005

**VIA FACSIMILE and U.S. MAIL**

| | | |
|---|---|---|
| James W. Naisbitt, Esq. | C Philip Curley, Esq. | Elizabeth D. Sharp, Esq. |
| James W. Naisbitt, Ltd. | John H. Wickert, Esq. | 330 South Wells Street |
| 205 W Wacker Drive, Suite 1600 | Alan R. Dolinko, Esq. | Suite 706 |
| Chicago, Illinois 60606 | Robinson Curley & Clayton, P.C. | Chicago, Illinois 60606 |
| | 300 South Wacker Drive | |
| | Suite 1700 | |
| | Chicago, Illinois 60606 | |

> **Re:** *Wachovia Securities, LLC v. David Neuhauser, et al.*
> **Case No.:** 04 C 3082
> **Our File No.:** 34048-52927

Dear Counsel:

Wachovia updates its Rule 26(a)(1)(A) disclosures as follows:

- **Kris Stelzner,** Wachovia broker. Mr. Stelzner's last known address and telephone number are 500 Lake Cook Road, Suite 100, Deerfield, Illinois 60015, (847) 948-1400. Any attempt to contact Mr. Stelzner should be made through Wachovia's counsel. Mr. Stelzner is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated – including Defendants' use of those accounts as a vehicle to acquire HRMI stock – and Defendants' failure to satisfy their margin debts in violation of their account agreements.

- **Doug Damrow,** Wachovia branch manager. Mr. Damrow's last known address and telephone number are 500 Lake Cook Road, Suite 100, Deerfield, Illinois 60015, (847) 948-1400. Any attempt to contact Mr Damrow should be made through Wachovia's counsel. Mr. Damrow is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated – including Defendants' use of those accounts as a vehicle to acquire HRMI stock – and Defendants' failure to satisfy their margin debts in violation of their account agreements.

- **Patricia Roy,** Wachovia regional counsel. Ms. Roy's last known address is One Seaport Plaza, 30th Floor, New York, NY 10292, and her last known telephone number is (212) 214-6424. Any attempt to contact Ms. Roy should be made through Wachovia's counsel. Ms. Roy is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated – including Defendants' use of those accounts as a vehicle to acquire HRMI stock – and Defendants' failure to satisfy their margin debts in violation of their account agreements.

Counsel of Record
June 17, 2005
Page 2

- **Joseph Rubino,** Wachovia Senior Vice President. Mr. Rubino's last known address and telephone number are 1 New York Plaza, 10th Floor, New York, NY 10292, (212) 778-7300. Any attempt to contact Mr Rubino should be made through Wachovia's counsel. Mr. Rubino is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated – including Defendants' use of those accounts as a vehicle to acquire HRMI stock – and Defendants' failure to satisfy their margin debts in violation of their account agreements.

- **Robert Temple,** Wachovia operations manager. Mr. Temple's last known address and telephone number are 500 Lake Cook Road, Suite 100, Deerfield, Illinois 60015, (847) 948-1400 Any attempt to contact Mr. Temple should be made through Wachovia's counsel. Mr. Temple is believed to have information about the facts and circumstances surrounding Defendants' opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated – including Defendants' use of those accounts as a vehicle to acquire HRMI stock – and Defendants' failure to satisfy their margin debts in violation of their account agreements.

- **Defendants, Leon Greenblatt, III, Andrew Jahelka, Richard Nichols** and **David Neuhauser.** Defendants' current and correct addresses and telephone numbers are unknown to Wachovia, but are believed to be available to Defendants' counsel. Defendants' last-known address is 330 South Wells Street, Chicago, Illinois, 60606. Defendants are believed to have information about the facts and circumstances surrounding the opening and operation of their "Loop" and "NOLA" accounts with Prudential Securities Incorporated (as well as similar accounts in the name of other corporate entities at similar investment firms) including Defendants' use of those accounts as a vehicle to fraudulently acquire HRMI stock. Defendants are further believed to have information about their involvement in this fraudulent scheme, as well as the financial status of Loop Corp. and NOLA, LLC and asset transfers among Defendants' various shell entities. Defendants are also believed to have information concerning their failure to satisfy their margin debts in violation of their account agreements.

- **Leslie Jabine, M.D.** Dr. Jabine's address and telephone number is unknown to Wachovia, but is believed to be available to Defendants' counsel. Dr. Jabine is believed to have information about the facts and circumstances surrounding the opening and operation of the "Loop" and "NOLA" accounts with Prudential Securities Incorporated (as well as similar accounts in the name of other corporate entities at similar investment firms) including Defendants' use of those accounts as a vehicle to fraudulently acquire HRMI stock. Dr. Jabine is further believed to have information about their involvement in this fraudulent scheme, as well as the financial status of Loop Corp. and NOLA, LLC. and asset transfers among Defendants' various shell entities. Dr. Jabine is also believed to have information concerning their failure to satisfy their margin debts in violation of their account agreements, and Defendants' scheme to acquire control of HRMI.

- **Elizabeth Sharp.** Ms. Sharp is believed to have information about the facts and circumstances surrounding the operations of Loop Corp., NOLA, LLC, Loop Properties, Inc , Scattered Corp., Banco Panamericano, Inc., Chiplease, Inc., and numerous related entities, as well as Defendants' current and historical positions in Loop Corp. and NOLA, LLC, Defendants' use of Loop Corp. and NOLA, LLC to open margin accounts at Prudential Securities Incorporated as part of a fraudulent scheme to acquire a controlling interest in HRMI, the current and historical financial condition of Loop Corp., NOLA, LLC, and various related entities, and Defendants' transfer of assets to defraud Plaintiff in this case.

- **C. Philip Curley.** Mr. Curley is believed to have information about correspondence with Prudential Securities Incorporated in June and August of 2001, as well as the facts and circumstances surrounding the operations of Loop Corp., NOLA, LLC, Loop Properties, Inc., Scattered Corp., Banco Panamericano, Inc., Chiplease, Inc., and numerous related entities, as well as Defendants' current and historical positions in Loop Corp. and NOLA, LLC, Defendants' use of Loop Corp. and NOLA, LLC to open margin accounts at Prudential Securities Incorporated as part of a fraudulent scheme to acquire a controlling interest in HRMI, the

706632-1

Counsel of Record
June 17, 2005
Page 3

current and historical financial condition of Loop Corp., NOLA, LLC, and various related entities, and Defendants' transfer of assets to defraud Plaintiff in this case.

- **Michael May.** Mr. May's correct address and telephone number are unknown to Wachovia, but are believed to be available to Defendants and their counsel. Mr. May is believed to have information about the facts and circumstances surrounding the operations of Loop Corp., NOLA, LLC, Loop Properties, Inc., Scattered Corp., Banco Panamericano, Inc., Chiplease, Inc., and numerous related entities, Defendants' current and historical positions in each of these entities, Defendants' use of Loop Corp. and NOLA, LLC to open margin accounts at Prudential Securities Incorporated as part of a fraudulent scheme to acquire a controlling interest in HRMI, and the current and historical financial condition of Loop Corp., NOLA, LLC and various related entities.

- **John Conolley.** Mr. Conolley's address and telephone number are unknown to Wachovia, but are believed to be available to Defendants and their counsel. Mr. Conolley is believed to have information concerning Defendants' current and historical relationship with Resource Technology Corporation, Defendants' current and historical financial status, and Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI.

- **Kevin Werner.** Mr. Werner's address and telephone number are unknown to Wachovia, but are believed to be available to Defendants and their counsel. Mr. Werner is believed to have information concerning Defendants' current and historical relationship with Resource Technology Corporation, Defendants' current and historical financial status, and Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI.

- **John E. Feltl.** Mr. Feltl's address and telephone number are currently unknown to Wachovia. Mr. Feltl is believed to have information concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI. Mr. Feltl is further believed to have information concerning the facts and circumstances surrounding the *Feltl v. Greenblatt, et al.,* lawsuit, Case No. 03-13751, pending in Minnesota State Court.

- **Unknown persons at MJSK.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *In re MJK Clearing, Inc.* bankruptcy proceeding, Case No. 01-4257, pending in the United States Bankruptcy Court for the District of Minnesota.

- **Unknown persons at Credit Suisse First Boston, LLC** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Credit Suisse First Boston, LLC v. Repurchase Corp., et al.* arbitration, NYSE docket number 2003-014931, and the ancillary federal court and bankruptcy proceedings.

- **Unknown persons at Resource Technology Corporation** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as the Defendants' current and historical financial information and accounting activities. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *In re Resource Technology Corporation,* bankruptcy proceeding, Case No. 99 BR 35434, pending in the United States Bankruptcy Court for the Northern District of Illinois.

Counsel of Record
June 17, 2005
Page 4

- **Unknown persons at Marine Bank** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as the Defendants' current and historical financial information and accounting activities. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Marine Bank v. Loop Corp.*, Case No. 04 CH 12239, pending in the Circuit Court of Cook County, Chancery Division.

- **Unknown persons at CIB Marine Bancshares, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as the Defendants' current and historical financial information and accounting activities. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Marine Bank v. Loop Corp.*, Case No. 04 CH 12239, pending in the Circuit Court of Cook County, Chancery Division.

- **Unknown persons at Health Risk Management, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement.

- **Unknown persons at Loop Corp.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Wachovia Securities v. Loop Corp., et al.* arbitration, NYSE docket number 2003-011927.

- **Unknown persons at NOLA, LLC** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Wachovia Securities v. Loop Corp., et al.* arbitration, NYSE docket number 2003-011927, *In Re NOLA, LLC* Bankruptcy Proceeding, 05 B 16682, and *In Re South Beach Services, Inc.* Bankruptcy Proceeding, 05 B 16679.

- **Unknown persons at Chiplease, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets.

- **Unknown persons at South Beach Securities, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets. These persons are also believed to have knowledge concerning the facts and circumstances surrounding the *Wachovia Securities v. Loop Corp., et al.* arbitration, NYSE docket number 2003-011927, *In Re NOLA, LLC* Bankruptcy Proceeding, 05 B 16682, and *In Re South Beach Services, Inc.* Bankruptcy Proceeding, 05 B 16679.

Counsel of Record
June 17, 2005
Page 5

- **Unknown persons at Banco Panamericano, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets.

- **Unknown persons at Repurchase Corp.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets.

- **Unknown persons at Scattered Corp.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets.

- **Unknown persons at Loop Properties, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets.

- **Unknown persons at Rumpelstiltskin (USA) Corp.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets.

- **Unknown persons at Loren Holdings, Inc.** are believed to have knowledge concerning Defendants' use of shell corporations such as Loop Corp. and NOLA, LLC as part of a fraudulent scheme to acquire a controlling interest in HRMI, as well as Defendants' breach of the stand-still agreement and Defendants' current and historical financial information and accounting activities and transfers of assets.

- All witnesses identified by Defendants in their Answers to Interrogatories and Rule 26(a)(1)(A) disclosures.

Sincerely,

Christopher S. Griesmeyer

706632-1