

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WACHOVIA SECURITIES, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04 C 3082 |
| ) | |
| DAVID NEUHAUSER, ) | |
| ANDREW A. JAHELKA, ) | Judge William T. Hart |
| RICHARD O. NICHOLS and ) | |
| LEON A. GREENBLATT III, ) | Magistrate Judge Michael T. Mason |
| ) | |
| Defendants. ) | |

## STIPULATED ORDER FOR CONFIDENTIAL TREATMENT
## OF DOCUMENTS, TESTIMONY AND INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Plaintiff and Defendants (collectively, the "Parties") have advised this Court of their mutual desire to protect the confidentiality of documents and materials sought in discovery and related to their respective personal and business interests. Based upon the stipulation and agreement of the Parties regarding the need for a Protective Order and the content thereof, together with information conveyed by counsel, this Court finds:

1.  The Parties to this litigation have exchanged production requests pursuant to Rule 34 of the Federal Rules of Civil Procedure. These requests seek the production of documents that the Parties represent contain highly sensitive personal and/or confidential and/or trade secret information (hereafter "Confidential Material") and require protection from disclosure.

724138_2

2. The Parties do not concede that all of the documents sought in their respective production requests will require protection as Confidential Material, but for purposes of facilitating discovery, the Parties agree to the provisions of this Protective Order.

3. The designation of information or documents as Confidential Material does not create a presumption in favor or against that status. In the event of a dispute as to whether specific documents or information qualify as Confidential Material, the Party requesting that status shall bear the burden of establishing good cause for the applicability of the protective order within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

4. This Protective Order shall not be construed as a waiver of any right that any Party may have to object to the use or disclosure of any material based on relevance, privilege, vagueness, overbreadth, hearsay or any other objection.

5. There exists good cause pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the entry of a Protective Order governing the disclosure of Confidential Material.

6. The Parties have mutually agreed upon the need for this Protective Order and the language contained herein, and therefore no costs or fees shall be assessed to either Party as provided in Rule 37(a)(4) of the Federal Rules of Civil Procedure – rather, each Party shall pay its own fees and costs incurred in connection with the entry of this Protective Order.

7. The Parties filed their Agreed Motion for Entry of Stipulated Order for Confidential Treatment of Documents, Testimony and Information in good faith, and by doing so did not intend to delay these proceedings.

**WHEREFORE, IT IS HEREBY ORDERED:**

A. The Parties may obtain confidential treatment for "Confidential Material," which is defined as all documents, testimony and information that: (1) have been produced by the parties or any non-party in this action; and (2) have been properly designated as "CONFIDENTIAL" pursuant to Paragraph B below. "Confidential Material" may include, without limitation, testimony given in this action by any party or by any non-party, documents produced in this action by any party or by any non-party, written discovery responses given by any party and the information contained within such documents or testimony so properly designated.

B. The following documents, testimony and information shall be designated as "Confidential Material" for purposes of this Order:

1. *Documents or Things.* Documents (including all originals, copies or directly quoted excerpts of or from any document containing Confidential Material) or things that consist of or contain Confidential Material shall be designated as such at the time of inspection or production, or at any time thereafter. The designation shall be made by either labeling the documents or things as "CONFIDENTIAL" or by advising opposing counsel in writing as to the designation of certain documents as "CONFIDENTIAL." In the event that any particular document or thing that consists of or contains Confidential Material is copied and produced, it will be produced marked, by labeling "CONFIDENTIAL" on each page of the document or thing containing Confidential Material.

2. *Interrogatories and Requests for Admissions.* In answering any interrogatory, request for admission, or part thereof, the Parties may designate an answer as consisting of Confidential Material by affixing "CONFIDENTIAL" to the legend of the answer. Such confidential answers shall be made on separate pages from any other answers or portions thereof that are not designated as confidential.

3. *Testimony.* With regard to testimony that reveals Confidential Material, a Party shall designate any such testimony as Confidential Material by written notice to opposing counsel within thirty days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which contain the Confidential Material. In the event of such designation by written notice, each Party shall attach a copy of such notice to the face of the transcript and each copy thereof in its possession or control. To facilitate such designation by written notice, all transcripts of testimony provided by persons testifying on behalf of any Party, including without limitation employees and experts, shall be treated in their entirety as Confidential Material for a period of thirty (30) days after a full and complete transcript is available.

C. In the event a Party inadvertently fails to mark or otherwise designate documents or information as "CONFIDENTIAL" at the time of disclosure, the producing Party may designate such documents or information as Confidential Material by serving the receiving counsel with a letter identifying the documents or information with specificity.

D. Recipients of Confidential Material produced pursuant to this Order shall use such material and information solely in this litigation. Except by prior Court Order or with the prior written consent of the Party producing the Confidential Material, no Confidential Material, or information contained therein, shall be disclosed to any other person, or used in any manner, or in any other litigation, or for any other purposes, except as provided for in Paragraph E below.

E. Confidential Material may be disclosed solely to:

1. The Parties' attorneys, including support staff working under the direct supervision of such attorneys, provided that any and all such persons first be shown a copy of this Order and explained its terms;

2. Non-parties, including deponents, for use in connection with this litigation only, and provided that such persons may only be shown copies of Confidential Material, or have information contained therein disclosed to them, but may not retain any such Confidential Material, and further provided that such persons comply with the acknowledgement procedures prescribed in Paragraph D(3) below;

3. Any expert witnesses or consultants retained by the Parties or their respective counsel for this litigation as is reasonably necessary for discovery or trial preparation, including support personnel directly employed by or retained by such expert witness or consultant, provided, however, that any such expert or consultant: (a) shall be advised of and shown a copy of this Order and (b) shall execute an Acknowledgment in writing that he or she has received a copy of this Order, that he or she is familiar with the provisions of this Order, and that he or she and his or her support personnel shall be bound by the terms of this Order. All such Acknowledgments shall be in the form of Exhibit 1 attached to this Order. Following termination of any such expert's or consultant's connection with this litigation, but no later than 63 days following conclusion of this litigation at the trial court level, such experts and consultants shall return any Confidential Material received to the counsel who provided it;

4. The Court, its clerks and clerical employees working under the direct supervision of the Court;

5. Court reporting personnel involved in taking or transcribing any testimony in this litigation; and

6. Any person that the Court designates in the interest of justice including a Party or an agent of a Party upon terms that the Court deems proper.

F. Counsel may object to any Party's designation of documents or materials as "CONFIDENTIAL" at any time during this litigation and may file an appropriate motion with the Court. If such a motion is filed, the responding Party shall have the burden of demonstrating that good cause exists, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, for maintaining the confidentiality of the designated documents or material.

G. Confidential Material shall not be copied except for use in connection with this litigation.

H. This Order shall govern disclosure of Confidential Material for discovery and all other purposes but shall not govern the use of Confidential Material in any Court proceeding or at any evidentiary hearing. Counsel shall advise and speak to opposing counsel at least one (1)

full business day prior to the use of any material designated as "CONFIDENTIAL" at any Court proceeding or evidentiary hearing, or the attachment of any such material to any Court filing, to afford opposing counsel an opportunity to raise appropriate objections, or to request that such materials be filed under seal.

I. The parties shall NOT file any documents "Under Seal" without first obtaining leave of Court to do so.

J. Except for courtesy copies provided to the Court, upon conclusion of this litigation at the trial court level opposing counsel shall, within 63 days, return all copies of the Confidential Material (except as contained in counsel's copy) of any motion or other paper filed with the Court. Upon the return of any Confidential Material pursuant to this Order, counsel shall retain and safeguard these materials until the conclusion of any appeals filed in this litigation.

K. If attempts to resolve confidentiality disputes by agreement are unsuccessful, any Party may seek Court intervention. Any Party may seek relief from the provisions of this Order for good cause shown.

L. If additional parties join or are joined to this action, that newly-joined party shall not have access to Confidential Material until such party has agreed, in writing, to be bound by this Order.

ENTERED: _____
JUDGE WILLIAM T. HART
Date: 4-6-05

| | |
|---|---|
| Steven P. Gomberg (ARDC # 1004204)<br>Gary I. Blackman (ARDC # 6187914)<br>Christopher S. Griesmeyer (ARDC # 6269851)<br>**LEVENFELD PEARLSTEIN, LLC**<br>2 North LaSalle Street - Suite 1300<br>Chicago, IL 60602<br>(312) 346-8380<br>(312) 346-8434 (Facsimile) | James W. Naisbitt (ARDC # 6183543)<br>**JAMES W. NAISBITT, LTD.**<br>205 W. Wacker Drive<br>Chicago, IL 60606<br>(312) 345-1056<br>(312) 236-3820 (Facsimile) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WACHOVIA SECURITIES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 C 3082 |
| | ) | |
| DAVID NEUHAUSER, | ) | |
| ANDREW A. JAHELKA, | ) | Judge William T. Hart |
| RICHARD O. NICHOLS and | ) | |
| LEON A. GREENBLATT III, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGEMENT OF STIPULATED ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS, TESTIMONY AND INFORMATION

The undersigned represents and warrants that he/she, along with his/her support personnel: (a) has received Confidential Material in connection with the above-captioned litigation; (b) has received a copy of the Court's Stipulated Order for Confidential Treatment of Documents, Testimony and Information dated _____, 2005 (the "Order"); (c) has read the Court's Order and understands its provisions; and (d) agrees to be bound by the terms of the Court's Order.

_____     _____
**SIGNATURE**                                              **DATE**

Name:_____
Position:_____
Company:_____
Address:_____
_____
_____

**EXHIBIT 1**