IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| WACHOVIA SECURITIES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04 C 3082 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| | ) | |
| DAVID NEUHAUSER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Wachovia Securities, LLC ("Wachovia") won a judgment for over $2 million plus interest and attorneys' fees against Leon Greenblatt III ("Greenblatt"). *See Wachovia Sec. LLC v. Jahelka*, 586 F. Supp. 2d 972, 977, 1025 (N.D. Ill. 2008). After Wachovia issued a citation to discover Greenblatt's assets to satisfy the judgment, Greenblatt invoked his Fifth Amendment privilege against self incrimination, arguing that making a list of the entities he is associated with would tend to incriminate him. The Court found that Greenblatt had not established any nexus between creating that list and any fear of criminal prosecution. *See Wachovia Securities, LLC v. Neuhauser*, No. 04 C 3082, 2011 WL 1465653, at *5-6 (N.D. Ill. Apr. 18, 2011) ("April 18 Opinion"). Now, Greenblatt offers a new reason justifying invoking his Fifth Amendment rights. After the Court's April 18 Opinion, he received a series of subpoenas from the Internal Revenue Service. Those subpoenas were issued to Greenblatt in his capacity as the president or custodian of records of various entities as part of a criminal investigation aimed at someone else. For the reasons below, the Court finds that Greenblatt must further substantiate his invocation of his Fifth Amendment right against self-incrimination to avoid producing certain documents in response to Wachovia's citation, and directs

him to produce the balance of the documents responsive to that citation, as described in section II(B) below.

I.  **BACKGROUND**

In its April 18 Opinion, the Court refused to allow Greenblatt to avoid producing documents in response to Wachovia's citation on Fifth Amendment grounds. Specifically, the Court noted that Greenblatt had only cited a series of civil cases where he or his companies had been accused of fraud. Greenblatt failed to show *why* creating a list of entities to respond to the citation could subject him to criminal prosecution. The Court also noted that where the citation sought corporate documents from Greenblatt in his capacity as a custodian of corporate records, he could not invoke his Fifth Amendment rights because corporations have no Fifth Amendment rights and the "act of production doctrine" does not apply to corporate agents.

On May 2, 2011, an IRS agent issued three subpoenas to Greenblatt via his counsel. (*See* Doc. 577-1.) Those subpoenas were issued in connection with a criminal investigation against someone other than Greenblatt. Greenblatt has blacked out the name of the name of the individual or entity targeted by the investigation, but states without citation in his brief that the target is Greenblatt's "tax lawyer/preparer." (Doc. 577 at 2.) The subpoenas are issued to (1) "Merrillville Trust, Passing Gas, Inc., Trustee, Attn: Leon Greenblatt, President;" (2) "Resource Technology Coporation, Attn: Custodian of Records;" and (3) "Illinois Investment Trust, Attn: Custodian of Records." Greenblatt asserts that these entities are "directly related" to him, but does not explain how. (Doc. 577 at 2.) The subpoenas seek, generally, the tax returns and supporting documentation for various entities as well as contracts and records related to "fuel from nonconventional source (FNS) credits." As for the entities listed in the subpoena, Greenblatt only states that the IRS "has

2

information to believe that [they] have some connection to . . . Greenblatt." (*Id.* at 3.)

## II. DISCUSSION

The Court laid out the applicable Fifth Amendment caselaw in full in its April 18 Opinion. To summarize, the right against self-incrimination extends not just to "answers that would themselves support a conviction . . . but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute a claimant." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The Court determines if Greenblatt may invoke the privilege, and he must "tender some credible reason why a response would pose a real danger of incrimination not a remote and speculative possibility." *See Martin-Trigona v. Gouletas*, 634 F.2d 354, 360 (7th Cir. 1980) (finding there must be a "nexus" between the well-founded fear of prosecution and the information requested in a citation to discover assets).. If the act of production itself would furnish that incriminating link, the party may avoid producing documents. *See Hubbell v. United States*, 530 U.S. 27, 36-37 (2000) (act of producing documents would have shown the defendant had the documents in violation of plea agreement). Corporations have no Fifth Amendment rights and producing documents as a corporate custodian is not protected by the "act of production" doctrine. *See Braswell v. United States*, 487 U.S. 99, 102 (1988); *see also United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999).

### A. Greenblatt's Fear of Prosecution and Nexus to the Citation

Greenblatt's argument is essentially this: (1) the IRS is investigating Greenblatt's tax lawyer/preparer and has asked for documents from entities Greenblatt is directly involved with; (2) if the IRS finds illegal activities on the part of the tax preparer in connection with the entities listed on the subpoenas, it is reasonable to assume that Greenblatt could be prosecuted for his involvement

with those entities; and (3) if Greenblatt goes through the listing exercise and gives more entities to Wachovia (or produces documents that show he has associated with more entities), then the IRS has more places to look for similar malfeasance. Theoretically, Greenblatt has established a well-founded fear of criminal prosecution, and connected that fear to the listing exercise required by the citation. But Greenblatt is asking the Court to make several logical connections without substantiating his belief in any reliable way. *See Martin-Trigona*, 634 F.2d at 360 (requiring a "credible" reason to invoke the privilege, not a "remote and speculative" reason); *Hoffman*, 341 U.S. at 486 (the Fifth Amendment's protections "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer . . . the witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself.") Greenblatt has blacked out the name of the subpoena target. Other than his counsel's unsupported assertion that the target of the IRS's criminal investigation is Greenblatt's tax preparer or lawyer, the Court has no understanding of the context of these subpoenas. Though he asserts he is directly associated with the three subpoenaed entities, Greenblatt has not established that he has any connection with the dozens of entities listed in the IRS subpoena riders. Even if Greenblatt is associated with those dozens of companies, the Court does not know if Greenblatt used the targeted tax preparer to prepare any of the returns for the entities listed in the subpoena riders. In short, Greenblatt's response to these subpoenas very well could be: "I have nothing." Without substantiation, it is impossible to know if Greenblatt's fear is well-founded and whether there is any nexus between that fear and the listing exercise.

In his brief, Greenblatt suggests that the Court borrow the procedure used when the Government challenges a witness's invocation of the right against self-incrimination in front of a

grand jury. (*See* 577 at 3.) Namely, Greenblatt suggests that his counsel, *ex parte* and *in camera*, explain to the Court in more detail Greenblatt's basis for invoking the privilege, so that the Court could determine if Greenblatt can connect the IRS subpoenas to the listing exercise required by the citation. The procedure is proper but it must be Greenblatt, not his counsel, who explains under oath why this fear of prosecution has a connection to the list of entities.[1] If Greenblatt is unwilling to appear before the Court, his invocation of the privilege is without basis and he must produce the documents responsive to citation as directed in the April 18 Opinion.

Wachovia's argument that Greenblatt cannot raise his Fifth Amendment rights because he is producing documents as a corporate custodian does not change the Court's analysis. If Greenblatt produces documents for additional entities as a corporate custodian, he is necessarily saying that he is associated with those entities, and the IRS's investigation could be expanded. In these circumstances, whether the act of producing documents would tend to incriminate Greenblatt is necessarily a threshold question before the Court reaches the *Braswell* analysis.

**B.     Greenblatt Must Produce Certain Documents**

Greenblatt's argument, however, does not allow him to avoid altogether producing documents in connection with the citation. As the Court noted in the April 18 Opinion, the Fifth Amendment analysis must be made on a request by request basis. *See Ins. Consultants of Knox*, 187 at 860. Greenblatt has framed his Fifth Amendment argument solely in terms of the listing exercise, and the Court will uphold it, pending Greenblatt's court appearance, only so far as the *act* of producing documents *itself* would incriminate him. The Court will not construe Greenblatt's invocation of the Fifth Amendment any wider that Greenblatt has himself.

---

[1] Greenblatt may, of course, be accompanied by counsel.

Not all of Wachovia's citation requests require Greenblatt to create a list of entities to answer the request (or answer it in part). Further, interpreting "you" in the citation to only mean Greenblatt personally, not his various entities, also avoids the listing exercise in many instances. For instance, he must produce his personal state and federal tax returns, even if they list entities he does not want to disclose. In that instance, the returns' contents revealing the names of entities would be the source of potential incrimination, not the *act* of producing those tax returns *itself*. A subpoena respondent cannot "avoid compliance with the subpoena . . . merely because the demanded documents contained incriminating evidence, whether written by others or voluntarily prepared by himself." *Hubbell*, 530 U.S. at 35-36. The same analysis would apply to Greenblatt's personal bank records and the names of law firms Greenblatt used. The act of production of those documents would prove nothing more than the fact that Greenblatt used banks and law firms. *See e.g., Bear Stearns & Co. Inc. v. Wyler*, 182 F. Supp. 2d 679, 584 (N.D. Ill. 2002) ("it is not a crime to make a wire transfer [or] use the phone").

### III. CONCLUSION

Greenblatt must respond to the following citation requests for Greenblatt, personally, within 30 days, subject to the breadth limitations set out in the April 18 Order: Nos. 1-3, 5, 7-15, 18 and 19. On August 15, 2011 at 10:30am, Greenblatt must appear before the Court, *ex parte* and *in camera*, to substantiate his invocation of his right against self-incrimination.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 27, 2011