# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 4 C 3082 | **DATE** | 3/9/2012 |
| **CASE TITLE** | Wachovia Securities vs. Neuhauser | | |

**DOCKET ENTRY TEXT**

For the reasons below, the Court denies Banco's motion (Doc. 619) and directs Banco to answer the citation within 14 days of this order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

After a bench trial in January 2008, Wachovia Securities, LLC ("Wachovia") won a judgment for $2,478,418.80 plus interest and attorney's fees against Leon Greenblatt III ("Greenblatt") and other defendants after margin trading by Greenblatt's company went south. *See Wachovia Sec., LLC v. Jahelka*, 586 F. Supp. 2d 972, 977, 1025 (N.D. Ill. 2008). As part of proceedings to collect the judgment against Greenblatt, Wachovia issued a third party citation to discover assets to Banco Panamericano, Inc. ("Banco"). Banco seeks to quash the citation, asserting that the citation seeks a number of irrelevant documents and would operate as an end run around Greenblatt's Fifth Amendment privilege against incriminating himself. For the reasons below, the Court denies Banco's motion (Doc. 619) and directs Banco to answer the citation within 14 days of this order.

**A.    BACKGROUND**

This case arises out of margin trading by Loop Properties, Inc. ("Loop"), partially owned by Greenblatt, using an account opened with Wachovia. The stock Loop bought on margin lost value and when the bill came, Loop refused to pay. In its opinion following the bench trial, the Court pierced Loop's corporate veil and entered judgment against Greenblatt. More importantly for the present purposes, the Court also found that Banco was part of the web of entities created by Greenblatt, and was essentially the same as Greenblatt:

> Throughout the trial, Greenblatt continually referred to himself in the third person as 'Banco.' Jahelka and Nichols followed suit and referred to Greenblatt's decisions as "Banco's decisions." Banco is 100% owned by Greenblatt and Greenblatt hired himself as its only employee. Thus 'Banco' is Greenblatt and Greenblatt is Banco. Yet, Greenblatt insisted on testifying that 'Banco considers personal guarantees essentially worthless.' The Court finds that Banco was nothing

**STATEMENT**

> more than Greenblatt's one-man enterprise and the Individual Defendants' attempts to paint Banco as anything else simply detracted from their credibility. For simplicity's sake and not because the Court is persuaded by the Individual Defendants' efforts to frame Banco as separate and apart from Greenblatt, the Court will refer to 'Banco' as Banco and Greenblatt as Greenblatt.

*Id.* at 981. The Court also found that Greenblatt used a loan from Banco to Loop "to keep Greenblatt in control of Loop's assets and to avoid paying Loop's creditors," including Wachovia. *Id.* at 985.

**B.     DISCUSSION**

In its motion, Banco asserts the following bases for quashing the citation: (1) Wachovia seeks irrelevant documents because Banco is not a judgment debtor and Wachovia has not shown that Banco possesses assets of a judgment debtor; and (2) the citation would operate as an end-run around Greenblatt's Fifth Amendment rights. In its reply, Banco provides a third reason why the citation should be quashed: Wachovia already recovered the loss at issue in this case in a parallel proceeding. Banco's first argument borders on the frivolous. As Banco concedes in its motion, one of the relevant questions in supplementary proceedings is "whether a third party is holding assets of the judgment debtor which may be applied to satisfy the judgment." (Mot., Doc. 619, at 4, citing *Pyshos v. Heart-Land Dev. Co.*, 630 N.E.2d 1054 (Ill. App. Ct. 1994).) As noted above, the Court has already made a number of factual findings that suggest that Banco is holding Greenblatt's assets.

Greenblatt's Fifth Amendment rights are also not a basis to quash the citation to Banco. After a series of three opinions, the Court has permitted Greenblatt to not respond to some of the requests in Wachovia's citation to discover his personal assets based on his Fifth Amendment privilege against self-incrimination. As those opinions note, however, Banco, as a corporation, has no Fifth Amendment rights. *See Braswell v. United States*, 487 U.S. 99, 102 (1988) ("it is well established that such artificial entities are not protected by the Fifth Amendment"). Consequently, a custodian of corporate records cannot refuse to produce those documents, even if those documents would incriminate him or her. *Id.* at 110, 116-17; *see also United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999) (same). Similarly, the act of production doctrine—which the Court considered in detail in its April 18, 2011 opinion—does not extend to a corporate custodian, because the custodian's "act of production is not deemed a personal act, but rather an act of the corporation." *Braswell*, 487 U.S. at 110. "Any claim of Fifth Amendment privilege asserted by the agent would be tantamount to a claim of privilege by the corporation – which of course possesses no such privilege." *Id.* In short, if Greenblatt is the corporate custodian producing these documents, he has no Fifth Amendment right not to produce the documents, even if the documents he produces incriminate him.

Finally, Banco asserts that the Court should quash the citation because Wachovia already recovered the debt traced to the margin account in a parallel proceeding, *Wachovia Securities, LLC v. Loop Corp.*, No. 05 C 3788. Wachovia has filed a satisfaction of judgment in that case. (*See* Doc. 529.) This argument is a sideshow. If Greenblatt or another judgment debtor believes the judgment has been satisfied in full, he may file a motion seeking an order that the judgment has been satisfied. Until Greenblatt or another judgment debtor demonstrates that this judgment has already been satisfied in full and the Court enters an order finding as much, Wachovia is entitled to look for assets to satisfy the judgment entered in this case. Further, Wachovia is not judicially estopped from seeking documents regarding EZ Links Golf, Inc. ("EZ Links") on the theory that Wachovia asserted in the other case that Loop (not Greenblatt) owned EZ Links. Wachovia's request for documentation from Banco with respect to EZ Links is not the same as asserting that someone other than Loop owns EZ Links. Banco's motion (Doc. 619) is denied.