IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WACHOVIA SECURITIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 3082 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| DAVID NEUHAUSER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## CORRECTED MEMORANDUM OPINION AND ORDER

Plaintiff/Judgment-Creditor Wachovia Securities, LLC successor in interest to Prudential Securities Incorporated ("Wachovia"), sued Loop Corporation ("Loop") for breach of a margin agreement. Wachovia subsequently obtained an arbitration award against Loop, which was confirmed by a court of this district in the amount of $2,478,418.80, plus attorneys' fees and costs. *See Wachovia v. Loop Corp.*, Case No. 05 C 3788 (N.D. Ill.) (the "Loop Action"). Wachovia also initiated the present action against Loop's owners, including Defendants Andrew A. Jahelka ("Jahelka"), Richard O. Nichols ("Nichols"), and Leon A Greenblatt, III ("Greenblatt," and together with Jahelka and Nichols, the "Individual Defendants") for veil-piercing, fraudulent transfer, and other violations of Illinois law arising from the Individual Defendants' improper relationship with Loop. *See Wachovia v. Greenblatt, et al.*, Case No. 04 C 3082 (the "Greenblatt Action").[1] Following a bench trial, this Court found Individual Defendants jointly and severally liable for the damages owed by Loop. Based on this finding, the Court entered judgment against Individual Defendants in the amount of Loop's damages for breach of the margin agreement, plus additional interest in the amount of $382,287.61, plus

---

[1] Unless otherwise indicated, all docket references are references to the Greenblatt Action, 04 C 3082.

1

separate attorneys' fees and costs in the amount of $1,110,669.45. To date, a total of $1,492,957.06 plus post-judgment interest remains unsatisfied.

This Court referred all post-trial motions to Magistrate Judge Maria Valdez. Wachovia moved for turnover of certain assets of Individual Defendants (Dkt. 673, 675, 715) and also moved for contempt against Banco Panamericano, Inc. ("Banco") for failure to comply with this Court's order to answer a citation to discover assets (Dkt. 669). Individual Defendants opposed any turnover or contempt finding, and also moved separately for relief from judgment in the Greenblatt Action on grounds that Illinois law's "one satisfaction rule" deems Wachovia to have accepted full satisfaction of both judgments by virtue of its having accepted satisfaction of the Loop Action. (Dkt. 645).

Magistrate Judge Valdez issued four separate Report and Recommendation opinions (the "R&Rs") recommending that this Court deny the motion for relief from judgment (Dkt. 746), grant Wachovia's motion for turnover of EZ Links Golf, Inc. stock (the "EZ Links Stock") held by Loop (Dkt. 748), grant Wachovia's motions for turnover of Defendant Jahelka's fine art, automobile, and personal funds (Dkt. 750), and grant Wachovia's motion for contempt against Banco (Dkt. 752). Various Individual Defendants and third parties have objected to the four R&Rs. For the reasons stated below, the objections are overruled and the Court adopts each R&R in its entirety, with instruction to Judge Valdez to revisit the mechanics of the EZ Links Stock sale.

**Standard of Review**

Upon specific objection to a magistrate judge's report and recommended disposition of a dispositive motion, "a just of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

2

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In contrast, recommendations by a magistrate judge for non-dispositive matters shall be reviewed under the "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a). The district court judge makes the ultimate decision to adopt, reject, or modify the recommendation, or return it to the magistrate judge with further instructions. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009), Fed. R. Civ. P. 72(b)(3). Because the four reports and recommendations issued by Judge Valdez concern dispositive matters, the Court reviews each objection below de novo.

**Objections**

**A. Objections Regarding the Motion for Relief from Judgment**

Jahelka, Nichols and Greenblatt object to the R&R on the Motion for Relief from Judgment on grounds that Magistrate Judge Valdez incorrectly determined that the Illinois "one satisfaction rule" does not apply to the Loop Action and the Greenblatt Action. Specifically, they object that Magistrate Judge Valdez incorrectly concluded that the Loop Action and the Greenblatt Action alleged separate injuries, thereby nullifying the application of the rule.

Illinois law limits a plaintiff who has obtained judgments against more than one party for the same loss to a single satisfaction for a single injury. *See Hentz v. Unverfehrt*, 604 N.E.2d 536, 541 (Ill. App. 1992). The rule operates to prevent double recovery by a plaintiff, or the overcompensation of a plaintiff, for a single injury. *See, e.g., Phoenix Bond & Indem. Co. v. Bridge*, 2012 WL 8706, *1 (N.D. Ill., Jan. 2, 2012) (quoting *BUC Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1277 (11th Cir. 2008). Judge Valdez correctly assessed the injuries in the Loop Action and the Greenblatt Action and concluded that the single action rule is inapplicable here. The Loop Action and the Greenblatt Action allege different injuries: Wachovia sued Loop for breach of contract but sued the Individual Defendants for their systematic looting of corporate

3

assets and failure to adhere to corporate legalities, which actions amounted to a "shell game" that inhibited Wachovia from recovering the amounts Loop failed to pay under the contract. The facts at issue in the Greenblatt Action were of considerably wider scope of facts than those at issue in the Loop Action, and primarily involved the conduct of individual actors rather than Loop.

Individual Defendants make much of this Court's language in the bench trial opinion in the Greenblatt Action that the Loop Action's judgment was the *sine qua non* of the Second Judgment in the Greenblatt Action. But Wachovia is not seeking to collect the amounts owed under the Loop Action Judgment in this action. All parties agree that those damages have been satisfied. Wachovia is now seeking only the attorneys' fees and the interest earned from the prosecution of the Greenblatt Action – amounts that would never have been incurred had Loop made good on what it owed under the Loop Action. Collection of these amounts, owed under the Greenblatt Action but not the Loop Action, is not "overcompensation" for the injury from the breach. It is compensation for the additional injury of an entirely new suit in order to collect amounts previously owed. To seek the damages owed under the Greenblatt Action that are in excess of those paid through satisfaction of the Loop Action is entirely appropriate and Jahelka's and Nichols' objections are overruled.

Individual Defendants' Motion for Relief from Judgment is in fact an attempt to spring a restrictive view of the one satisfaction rule on Wachovia to bind them to the lower of the two judgments obtained against an intertwined collection of corporation and individuals. The attorneys' fees and costs incurred by Wachovia in the Greenblatt Action, a 3-year litigation against the Individual Defendants for corporate malfeasance, represent collection efforts by Wachovia wholly separate from any underlying breach by the corporate entity Loop, efforts that

took years of proceedings in both actions to attempt to collect anything whatsoever on amounts found rightly owed to Wachovia. To deprive Wachovia of the right to collect on those attorney fees and costs after this costly and hard fought battle would be contrary to Illinois law and simply unfair. The objections to the Report and Recommendation (Dkt. 746) are overruled.

### B. Motion for Turnover of Jahelka's EZ Links Stock Held by Loop

Defendants Jahelka and Loop object to the R&R recommending that this Court grant Wachovia's Motion for Turnover of Defendant Jahelka's EZ Links Golf, Inc. stock (the "EZ Links Stock"). The R&R regarding the EZ Links Stock is adopted in its entirety. Wachovia does not seek turnover of all of Loop's holdings of EZ Links Stock; rather, Wachovia only seeks turnover of 30%. This Court has already made a determination that Jahelka is the *alter ego* of Loop, and that ruling has been upheld on appeal to the Seventh Circuit. Jahelka admitted in his deposition that he is the owner of 30% of Loop. Therefore, Wachovia's motion for turnover is a straightforward recovery of Jahelka's interest in an asset of the corporation of which he is the *alter ego*.

Jahelka's and Loop's arguments that this ruling amounts to improper post-judgment veil-piercing and/or "reverse veil-piercing" are unavailing. First, the cases cited by Jahelka and Loop suggesting that post-judgment veil-piercing is improper are thoroughly distinguishable. *See, e.g., Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009) (Illinois state law would not permit veil-piercing in supplementary proceedings on a collection case); *Roofers' Pension Fund v. Robinson Roofing, Inc.*, 2010 WL 4962820 (N.D. Ill. Dec. 1, 2010) (veil-piercing not appropriate in post-judgment proceeding to collect ERISA judgment from corporation); *Newcourt Capital USA Inc. v. Rubloff Aviation Maint. Servs.*, 2009 WL 635489 (N.D. Ill. March 11, 2009) (veil-piercing in supplementary proceedings not appropriate to collect

5

judgment on breach of contract). In each of these cases, the underlying judgment upon which was not a veil-piercing claim, and the individuals from whom assets were sought were not defendants in the action. In fact, the Illinois case upon which these federal cases rely, *Pyshos v. Heart-Land Dev. Co.*, 630 N.E.2d 1054 (Ill. App. 1994), created the general rule against supplemental veil-piercing when issues of corporate formalities were first raised, but suggested that potentially meritorious veil-piercing allegations should be filed as a separate suit. That is precisely what happened here between Wachovia, Loop, and the Individual Defendants, and the Court has explicitly found veil-piercing to be appropriate because the individuals and the corporation were so intertwined and corporate formalities ignored. Therefore, continuing to enforce veil-piercing in a post-judgment proceeding *in a veil-piercing case* is entirely appropriate.

Second, Jahelka and Loop provide no legal support for their position that veil-piercing "in reverse" is not permitted under Illinois law; in fact, the Seventh Circuit has recognized the use of the doctrine in certain circumstances. *See Scholes v. Lehmann*, 56 F.3d 750, 758 (7th Cir. 1995) (recognizing reverse veil piercing). While generally used only in one-shareholder cases, so as not to injure the other shareholders, *see id* at 758, in this instance all shareholders of Loop have been found liable for Loop's debts on an *alter-ego* theory, adding unique support for veil-piercing "in reverse" in this particular case. Courts in this district and elsewhere have likewise determined that veil-piercing in reverse may be an appropriate remedy. *See, e.g., Boatmen's Nat. Bank. of St. Louis v. Smith*, 706 F. Supp. 30, 32 (N.D. Ill. 1989) (granting turnover of corporate assets to satisfy obligation of an individual who had been found to be the *alter ego* of the corporation and noting that under Illinois law "the concerns which form the basis of the traditional [alter ego] doctrine are quite applicable to piercing 'in reverse' - that corporate status

not encourage irresponsible individual activity by shielding wealth from efforts to assess responsibility for these actions"). *In re Schimmelpick*, 183 F.3d 347 (5th Cir. 1999) ("Piercing the corporate veil in "reverse" has been recognized in many jurisdictions as an equitable doctrine used to prevent injustice by corporate principles.") (collecting cases)*; Dahl v. Gardner*, 583 F. Supp. 1262, 1268 (D. Utah 1984) ("the equitable alter ego doctrine may be applied in the 'reverse' sense to disregard the corporation to reach corporate assets for the obligations of an individual") (collecting cases.) Permitting turnover to Wachovia of that portion of the EZ Links Stock owned by Loop equal to Jahelka's admitted ownership interest in Loop is appropriate. The objection to the R&R (Dkt. 748) is overruled; however, the issue of the appropriate means of turnover of the stock (whether by public or private sale) is returned to Judge Valdez as neither party has adequately briefed the relative merits of the mechanics of the sale.

  **C.**  **Motion for Turnover of Jahelka's Fine Art & Automobile**

Defendant Jahelka objects to the R&R issued by Judge Valdez recommending that this Court grant Wachovia's motion for turnover of Jahelka's original Ansel Adams photograph, his BMW, and amounts in his Citibank deposit account, in partial satisfaction of the unsatisfied portion of the Greenblatt Action. Jahelka's first objection, that turnover should be stayed pending review of the motion for relief from judgment, is mooted by this Court's adoption of the R&R denying relief. *See* Part A, *supra*. Jahelka's second objection, that certain portions of the personal assets at issue, should be exempt, is overruled. Judge Valdez correctly determined that pursuant to 735 ILCS 1402(l), any claims of exemption must take the form of a request for hearing and must be made prior to the return date on the citation to discover the assets in question. It is undisputed that the citation to discover Jahelka's assets was served on Jahelka on December 19, 2011 with a return date of June 19, 2012. Despite this exceptionally long period,

Jahelka served his notice of exemption on June 25, 2012 and never requested a hearing as required by statute. Therefore, the Court agrees with the R&R that any claims of exemption have been waived.

Judge Valdez also properly rejected Jahelka's argument that sale of the photograph and automobile would leave him without a remedy should this Court's ruling ultimately be overturned. Jahelka cannot in good faith argue that the Ansel Adams photograph falls into the exception for unique personal items, *see e.g. Lower Cook County Mobil Dealers' Ass'n v. Exxon Mobile Corp.*, 2006 WL 3590080 at *2 (N.D. Ill. 2006), because he admitted at his deposition that the photograph is presently listed at an art gallery for sale. *See* R&R #750 at 4. Should the ruling be overturned, Jahelka will have the ability to seek the return of funds turned over. *See Schak v. Blom*, 777 N.E.2d 635, 640 (Ill. App. 2002) (approving return of turnover funds when the turnover order declared void). The objections to the R&R (Dkt. 750) are overruled.

**D. Motion for Civil Contempt Against Banco**

Finally, Banco objects to the R&R recommending that this Court grant Wachovia's motion for civil contempt against Banco. Judge Valdez' interpretation of this Court's statements is correct and Banco's objection is overruled. "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *U.S.S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). This Court was perfectly clear at the hearing on March 9, 2012 that notwithstanding the pending motion for relief from judgment and the Individual Defendants' intent to pursue the motion, until this Court entered an order finding

judgment satisfied, Wachovia was entitled to search for assets. Banco had already failed to comply with the citation by the time of the March 9, 2012 hearing; after making its ruling, the Court gave Banco 14 more days after that hearing to comply. Banco still has not complied with the citation, and its argument that it made reasonable and diligent efforts to comply is based upon the briefing of the motion for relief from judgment – the very same reason brought to this Court and rejected at the March 9, 2012 hearing. Banco has violated this Court's order and contempt is appropriate, as is the sanction recommended by Judge Valdez of $100 per day until Banco fully complies with the citation, plus payment of attorneys' fees and costs incurred by Wachovia in pursuing the motion for contempt. The objection to the R&R recommending contempt (Dkt. 752) is overruled.

## CONCLUSION

For the reasons stated herein, the Court adopts the recommendations of Judge Valdez and associated Reports and Recommendations: adopts the Report and Recommendation (Dkt. 746) and denies Individual Defendants' Motion for Relief from Judgment (Dkt. 645); adopts the Report and Recommendation (Dkt. 748) and grants Wachovia's Motion to Turnover Jahelka's EZ Links Stock (Dkt. 715), with direction to Judge Valdez to revisit the issue of the mechanics of the sale of the EZ Link Stock; adopts the Report and Recommendation (Dkt. 750) and grants Wachovia's Motion for Turnover of Fine Art and Automobile (Dkt. 673) and Wachovia's Motion for Turnover of Funds of Andrew Jahelka (Dkt. 675); and adopts the Report and Recommendation (Dkt. 752) and grants Wachovia' Motion for Contempt against Banco (Dkt. 669).

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 28, 2013